**TIBBS-DORSEY MFG. CO. et al. v. STATE INDUSTRIAL COM. et al.**

No. 21428. Opinion Filed Feb. 17, 1931.

Keaton, Wells, Johnston & Barnes, and B. C. Davidson, for petitioners.

Fred M. Hammer, M. J. Parmenter, and J. Berry King, for respondents.

CLARK, V. C. J. This is an original action filed in this court to review a judgment and award of the State Industrial Commission made and entered on the 10th day of May, 1930, in favor of the respondent Mike Casey. The record discloses that a joint petition was filed by petitioners and respondent on February 13, 1929, and said joint petition set out and stated that a lump sum settlement had been agreed upon between respondent Mike Casey and petitioners in the sum of $118.51, and all medical bills up to and including that date were paid by petitioners. Said joint settlement was approved by the State Industrial Commission on said date. On July 24, 1929, a motion was filed to set aside said joint petition and settlement on the ground of fraud.

On July 30, 1929, this motion was overruled without further hearing or notice to either party. On November 6, 1929, a second motion to set aside said joint petition and award of February 13, 1929, was filed. A hearing was had thereon, resulting in the award complained of.

Petitioners in their brief, at page 4, contend that the award was erroneous on certain grounds, as follows:

(1) That no evidence was produced to show any fraud or oppression.

(2) That, in the absence of fraud, the jurisdiction of the Commission had ceased, and it did not have authority or power to make further orders in the cause.

(3) That the proof did not show a compensable injury, but showed that a disease was the direct and proximate cause of the disability; and that the injury did not arise out of the employment.

The respondent Mike Casey testified that he was injured the 28th day of December, 1928, at Woodward, Okla. It is admitted that he was engaged in a hazardous occupation subject to the Workmen's Compensation Law of Oklahoma; that he had a badly sprained wrist; that he came from Woodward to Oklahoma City, and that Dr. Cunningham treated him in Oklahoma City.

Respondent testified that Dr. Cunningham told him that he had a very badly sprained wrist, but did not tell him that he had a permanent disability. Respondent testified that on February 13, 1929, he had not been paid any compensation at the time he entered into the joint petition and settlement. He further testified that he went to Drs. Cunningham and Riley and neither of the doctors told him that he would have a permanent disability to the hand or wrist.

He further testified that he asked Dr. Cunningham, "When will this be in good condition again?" The answer was: "Casey, all I can tell you is this, you got a badly sprained wrist, and you have an unusual case. You go ahead and carry it in these

metal splints and it will get all right. You have an unusually bad wrist." He further testified that he thought his disability was just temporary.

Witness testified that he talked to Mr. Deselms, the adjuster for the insurance carrier. He said he was personally acquainted with Mr. Deselms and relied on his statements; that an insurance carrier generally paid four or five weeks on a sprained wrist, and that from the statements of the insurance carrier and insurance doctors he believed his injury would be only temporary and not permanent. He further testified that Dr. Cunningham told him on the second or third day after the joint agreement—the 15th or 16th—that his wrist would be stiff permanently. This testimony is disputed by Drs. Cunningham and Riley. The record further discloses that this man has a permanent injury to his wrist, and the Industrial Commission found that said injury was the result of the accident. The testimony of the petitioners further shows that on the date of the hearing of the joint petition respondent Casey testified that he entered into the agreement with his own free will and accord and that he knew he could have a hearing before the Commission. and that he might be awarded more or less compensation than he was being paid, and that he asked the Commission to approve the joint settlement.

The record discloses that the reports of Drs. Cunningham and Riley were filed with the Industrial Commission at the time the joint settlement was made and approved. It is the contention of petitioners that where a joint petition is filed, a settlement made. and the same approved by the Industrial Commission, as provided in section 7325, C. O. S. 1921, as amended by chapter 61, Session Laws 1923, the Commission is without jurisdiction in the absence of fraud to reopen a cause and award further compensation. Upon this hearing the Industrial Commission found that respondent was induced to enter into said joint petition by fraud and misrepresentation, and that the approval of the same and the approval of the lump sum settlement of $118.51 was procured by fraud, and the same was of no force and effect and should be vacated and set aside. An award was made and entered for 50 per cent. for the permanent, partial loss of the use of the left hand.

It is the first contention of petitioners that there is no evidence to show any fraud or oppression. The finding of the Industrial Commission that there was sufficient fraud to invalidate and set aside the joint petition and the judgment entered thereon is a finding of fact, and the evidence was conflicting, but we think the evidence sufficient to support the finding of the Industrial Commission.

It is next contended, in the absence of fraud, the jurisdiction of the Commission has ceased, and it did not have power to make further orders in the case. Section 7325, C. O. S. 1921, as amended by chapter 61, Session Laws 1923, before it was amended, provided:

"The power and jurisdiction of the Commission over each case shall be continuing, and it may, from time to time, make such modification or change with respect to former findings or orders relating thereto, as in its opinion may be just. * * *"

This was the law before the amendment and has been construed by this court in Choctaw Portland Cement Co. v. Lamb, 79 Okla. 109, 189 Pac. 750; Sun Coal Co. v. State Industrial Commission, 84 Okla. 164, 203 Pac. 1042; United States Fidelity & Casualty Co. v. Harrison, 125 Okla. 90, 256 Pac. 752.

In the above cited cases the power and jurisdiction of the State Industrial Commission, under the Workmen's Compensation Law, over each case submitted to it is continuing and the Commission may from time to time make such modifications or change its former findings or orders, relating thereto, as in its opinion may be justified.

This is the construction placed on this law before the same was amended. All of the previous laws, so construed, remain in full force and effect. The amendment provides that upon a petition filed by employer or insurance carrier and the injured employee the Commission shall acquire jurisdiction to consider the proposition of whether or not a final settlement may be had between the parties presenting such petition. The Commission is authorized and empowered to have a full hearing on the said petition. It also has authority to dismiss the same without a hearing. If the Commission decides it is for the best interest for both parties to said petition that a final award be made, a decision shall be rendered accordingly and the Commission may make an award that shall be final as to the rights of all parties to said petition, and thereafter the Commission shall not have jurisdiction over any claim for the same injury or from any results arising from the same.

Section 7325, supra, as amended, was be-

fore this court for construction in the case of Tippin, Gd'n, v. State Industrial Commission, 134 Okla. 179, 272 Pac. 848; the first paragraph of the syllabus is as follows:

"1. The Industrial Commission of the State of Oklahoma is without jurisdiction to set aside an award made upon a joint petition of employer and employee under the provisions of section 7325, C. O. S. 1921, as amended by chapter 61, Session Laws 1923, or to make any) further award, where it appears that a hearing as provided in said section was had on said petition, and a final award made and no appeal taken therefrom."

In this case the court was passing on an order of the Commission that refused to vacate the final award entered on a joint petition, and held, where there is any evidence to support the judgment refusing to vacate the award, the same was binding on this court.

In Willett v. State Industrial Commission, 129 Okla. 101, 263 Pac. 664, at page 103 of this case, it is said:

"The Commission having had said hearing and made the award, we hold that the award is final, in the absence of fraud, unless an appeal is taken therefrom as provided by the statute.

"The next proposition, as set out in the order appealed from in this case, is whether or not the claimant was mentally competent to enter into the joint petition and to appear and testify at the hearing on December 14, 1925. This was a question of fact to be determined by the Industrial Commission, it having decided that he was mentally competent, and there being testimony in the record to support said finding. This finding of the Commission will not be disturbed under the well-recognized rule in this state.

"It therefore follows that the order of the Industrial Commission denying the claimant, A. E. Willett, any further compensation should be and is hereby affirmed."

The authorities above cited hold that an award made on a joint petition, approving a lump sum settlement, is final in the absence of fraud. In the instant case fraud was alleged, and from the evidence offered the Industrial Commission found that there was fraud.

The Industrial Commission found in favor of the respondent Casey, and there being a conflict in the evidence, the judgment and finding of the Industrial Commission is binding on this court, and the judgment and award is affirmed.

LESTER, V. C. J., and HEFNER, CULLISON, ANDREWS, and McNEILL, JJ., concur. RILEY and SWINDALL, JJ., dissent.

SWINDALL, J. (dissenting). I cannot agree with the majority opinion. In order to arrive at the intent of the Legislature in enacting the proviso to section 7325, C. O. S. 1921, I deem it advisable to discuss the history of the legislation under consideration. Section 14, art. 4, c. 246, Session Laws 1915, provides that:

"The power and jurisdiction of the Commission over each case shall be continuing, and it may, from time to time, make such modification or change with respect to former findings or orders relating thereto, as in its opinion may be just, including the right to require physical examination as provided for in section 9 of article 2 of this act, and subject to the same penalties for refusal."

Section 12, of art. 2, c. 246, Session Laws 1915, provides that:

"Upon its own motion or upon the application of any party in interest, on the ground of a change in conditions, the Commission may at any time review any award, and, on such review, may make an award ending, diminishing or increasing the Compensation previously awarded, subject to the maximum or minimum provided in this act, and shall state its conclusions of fact and rulings of law, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any money already paid."

These two sections appear to have been first construed by this court March 23, 1920, in the case of Choctaw Portland Cement Co. v. Lamb, 79 Okla. 109, 189 Pac. 750, wherein the court said:

"The power and jurisdiction of the State Industrial Commission under the Workmen's Compensation Law (chapter 246, Sess. Laws 1915) over each case submitted to it, are continuing, and the Commission may, from time to time, make such modification or change of its former findings or orders relating thereto as, in its opinion, may be just, and under section 12, art. 2, of said act, the Commission may at any time upon its own motion or upon the application of any party in interest, on the ground of a change in conditions, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the act."

In construing section 14, art. 4, the court said:

"It is a well-known fact that the nature and probable effect of an injury, in many cases, cannot immediately be determined by the most proficient physicians or surgeons, and we are confident that the Legislature had this fact in mind when it provided in section 14, art. 4, for subsequent physical examinations, and conferred jurisdiction on

the Commission to modify or change its former findings or orders. The provision thus serves as a protection both to the employer and employee, and enables the Commission to change its findings and orders to effectuate justice where the amount previously awarded was either too large or too small, or where the Commission had previously erred in fixing the compensation through mistake or because of fraud practiced upon it."

The rule announced in the Choctaw Case was followed by this court in Sun Coal Co. v. State Industrial Commission, 84 Okla. 164, 203 Pac. 1042. These two sections are carried forward in the C. O. S. 1921, section 14, of art. 4, same as 7325, and section 12, art. 2, same as 7296, C. O. S. 1921.

In U. S. Fidelity & Casualty Co. v. Harrison, 125 Okla. 90, 256 Pac. 752, this court followed the decision in the Choctaw Case without discussing the proviso hereinafter mentioned, the same not being applicable to that case.

Section 10, art. 2, c. 246, provides for filing claims or presenting the matter to the Commission on agreed statement of facts at any time after the expiration of the first 14 days of disability on the part of the injured employee. This was amended by Session Laws of 1919, c. 14, sec. 10, and as amended was brought forward as 7294, C. O. S. 1921, and amended by Laws 1923, c. 61, sec. 7, and it provides that: .

"Any time after the expiration of the first five days of disability on the part of the injured employee, a claim for compensation may be presented to the Commission. If the employer and the injured employee shall reach an agreement as to the facts with relation to an injury, for which compensation is claimed under this act, a memorandum of such agreement, in form as prescribed by the Commission, and signed by both the employer and employee, may be immediately filed by the employer with the Commission, and if approved by the Commission, shall, in the absence of fraud, be deemed binding upon the parties thereto. Such agreement shall be approved by the Commission only when the terms conform to the provisions of this act. The Commission shall have full power and authority to determine all questions in relation to payment of claims for compensation under the provisions of this act. The Commission shall make, or cause to be made, such investigation as it deems necessary, and upon application of either party shall order a hearing, and as soon as practicable, after a claim for compensation is submitted under this section, or such hearing closed, shall make or deny an award determining such claim for compensation, and file the same in the office of the Commission, together with the statement of its conclusion of fact and rulings of law. The Commission may, before making an award, require the claimant to appear before an arbitration committee appointed by it and consisting of one representative of employees, one representative of employers, and either a member of the Commission or a person especially deputized by the Commission to act as chairman, before which the evidence in regard to the claim shall be adduced and by which it shall be considered and reported upon. Immediately after such filing, the Commission shall send to the parties a copy of the decision. Upon a hearing pursuant to this section either party may present evidence and be represented by counsel. The decision of the Commission shall be final as to all questions of fact, and except as provided in section 7297, of this article, as to all questions of law."

It will be noted that this section does not provide that the decision of the Industrial Commission to review an award under section 7296 or a decision or an order vacating the former findings or former order under section 7325 shall be final and conclusive, but section 7294 specially says: "That the decision of the Commission (under this section) shall be final as to all questions of fact."

After this court construed section 7325, C. O. S. 1921, then section 14, art. 4, c. 246, Session Laws 1915, the Legislature amended the section by adding a proviso. The amended section with the proviso is section 13, c. 61, Session Laws 1923, and reads as follows:

"The power and jurisdiction of the Commission over each case shall be continuing and it may, from time to time, make such modifications or changes with respect to former findings or orders relating thereto if, in its opinion, it may be justified, including the right to require physical examinations as provided for in section 7293, and subject to the same penalties for refusal; provided, that upon petition filed by the employer or insurance carrier, and the injured employee, the Commission shall acquire jurisdiction to consider the proposition of whether or not a final settlement may be had between the parties presenting such petition. The Commission is authorized and empowered to have a full hearing on the petition, and to take testimony of physicians and others relating to the permanency or probable permanency of the injury, and to take such other testimony relevant to the subject-matter of such petition as the Commission may require. The Commission shall have authority to consider such petition and to dismiss the same without a hearing if in its judgment the same should not be set for hearing; the expenses of such hear-

ing or investigation, including necessary medical examinations, shall be paid by the employer or insurance carrier, and such expenses may be included in the final award. If the Commission decides it is for the best interest of both parties to said petition that a final award be made, a decision shall be rendered accordingly and the Commission may make an award that shall be final as to the rights of all parties to said petition, and thereafter the Commission shall not have jurisdiction over any claim for the same injury or any results arising from same. If the Commission shall decide the case should not be finally settled at the time of the hearing, the petition shall be dismissed without prejudice to either party, and the Commission shall have the same jurisdiction over the matter as if said petition had not been filed, The same rights of appeal shall exist from the decision rendered under such petition as is provided for appeals in other cases before the Commission; provided, there shall be no appeal allowed from an order of the Commission dismissing such petition as provided in this section."

The only amendment to this section preceding the proviso is the word "just," in section 7235, C. O. S. 1921, is changed to "justified," which, in my opinion, does not materially change that portion of the section. So, bearing in mind the fact that this court had construed section 14, art. 4, c. 246, Session Laws 1915, same as 7325, C. O. S. 1921, prior to amendment and had in the Choctaw Case and the other cases following it held that under section 7296, C. O. S. 1921, the Commission upon its own motion or upon the application of any party in interest, on the ground of a change in conditions, might review any award for compensation, ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided for in said act, and that under section 7325 the Commission had jurisdiction to change its findings and orders to effectuate justice where the amount previously awarded was either too large or too small, or where the Commission had previously erred in fixing the compensation through mistake, or because of fraud practiced upon it. This had to do with claims filed under section 10, art. 2, c. 246, Session Laws 1915, as amended by Session Laws 1919, section 10, c. 14, and brought forward as 7294, C. O. S. 1921, and cases submitted under agreed statement of fact provided for in said section.

Section 7294 prescribes the procedure for presenting a claim to the Industrial Commission for consideration. There are two methods provided: First, if the employer and injured employee shall reach an agreement as to the facts with relation to an injury, for which compensation is claimed under the Workmen's Compensation Law, a memorandum of such agreement, in form as prescribed by the Commission and signed by both the employer and employee, may be immediately filed by the employer with the Commission, and if approved by the Commission, shall, in the absence of fraud, be deemed binding upon the parties thereto. Second, if the employer and injured employee fail to reach an agreement, then the injured employee may file a claim for compensation with the Commission.

Section 7296 gives the Commission jurisdiction upon its own motion or upon the application of any party in interest, on the grounds of a change in conditions, at any time to review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Workmen's Compensation Act.

Section 7325 relates to the jurisdiction of the Commission over each case. It gives the Commission continuing jurisdiction over each case with power and jurisdiction, from time to time, to make such modification or change with respect to former findings or orders relating thereto as in its opinion may be just.

"Case" is a general term for an action, cause, suit, or controversy at law or in equity; a question contested before a court of justice; an aggregate of facts which furnishes occasion for the exercise of jurisdiction of a court of justice. Kelly v. Roetzel, 64 Okla. 36, 165 Pac. 1150.

Construing these sections together in the Choctaw Case, the court held that the same enables the Commission to change its findings and orders to effectuate justice where the amount previously awarded was either (1) too large (by decreasing same), or (2) too small (by increasing same), or (3) (ending) where the Commission had previously erred in fixing the compensation through mistake (section 7296), or (4) "because of fraud practiced upon it." The last ground comes under section 7294 and relates to cases submitted on agreed statement of facts being deemed binding, "in the absence of fraud."

As to these cases, the court had expressed its opinion prior to the amendment to section 7325, by section 13, c. 61, of Session Laws of 1923, which brings us to a consideration of the proviso added to said section, and the intent of the Legislature in enacting section 13, c. 61, Session Laws of 1923,

with the proviso. The proviso, in my opinion, is clear and the legislative intent is not difficult to discern. It establishes another method or procedure, independent of those provided for in section 7294, for settling a claim before the State Industrial Commission.

If the Legislature intended the proviso to be meaningless, why add the same to section 7325? If the Legislature intended that section 7325 prior to the amendment was to govern the jurisdiction of the State Industrial Commission, in joint petition cases, then they would certainly have added the additional method or procedure for determining and settling compensation claims as a clause to section 7294, and thereby provided that upon a claim for compensation being presented to the Commission or an agreed statement of facts being filed, as now provided for in said section, and added the further procedure for settling claims by authorizing the employer and employee to file a joint petition and ask for a hearing thereon. Then section 7325, without the proviso, would have given the State Industrial Commission continuing jurisdiction over all three classes of cases to change its findings and orders, where the amount previously awarded was either too large or too small, or where the Commission had previously erred in fixing the compensation through mistake or because of fraud practiced upon it.

Not having done this, I am of the opinion that the Legislature in adding the proviso to section 13, c. 61, fully understood the nature and office of a proviso, and that it was the intent of the Legislature to accomplish the result that a proviso usually does when added to any act passed by a Legislature.

It is a cardinal rule that, in the construction of statutes, the legislative intent must govern, and to arrive at the legislative intent the entire act must be considered together with all other enactments upon the same subject. Protest of C. R. I. & P. Ry. Co., 137 Okla. 186, 279 Pac. 319.

"One of the most elementary canons governing the construction of statutes is that, if the language used by the Legislature conveys a definite meaning which involves no absurdity, nor any contradiction of any other parts of the statute, then that meaning apparent on the face of the statute must be accepted." Falter v. Walker, 47 Okla. 527, 149 Pac. 1111.

"Where a statute is plain and unambiguous, and its manifest intention and purpose is clearly shown by the language employed therein, the court is without authority to render a different meaning or construction thereon, in order to avoid an inequality that may arise in isolated cases." A., T. & S. F. Ry. Co. v. Myers, 114 Okla. 240, 246 Pac. 395.

"Every statute should have a reasonable, sensible construction in preference to one which renders it, or a substantial part of it, useless or deleterious." Board of Education of Oklahoma City v. Woodworth, 89 Okla. 192, 214 Pac. 1077.

"A statute will be given a construction which renders every word operative, rather than one which makes some words idle and nugatory." Integrity Mut. Casualty Co. v. Garrett, 100 Okla. 185, 229 Pac. 282.

"The natural and appropriate office of a proviso in a statute is to restrain or qualify some preceding matter, and it should be confined to what precedes it, unless it clearly appears to have been intended to apply to some other matter." Board of Education of Oklahoma City v. Woodworth, 89 Okla. 192, 214 Pac. 1077.

"The object of a proviso is to except something out of the general terms of the grant, statute, or other instrument to which it may be attached." Legout v. Price (Ill.) 149 N. E. 427.

"The office of a proviso, generally, is either to except something from the enacting clause, or to qualify or restrain its generality, or to exclude some possible ground of misinterpretation of its extending to cases not intended by the Legislature to be brought within its purview." Minus v. United States, 10 Law Ed. (U. S.) 799.

"The province of a 'proviso' is to restrain the enacting clause of a statute, and to except something which would, otherwise have been within it, or to modify the enacting clause." Mackmull v. Brandlein, 137 N. Y. Supp. 607.

"The office of a 'proviso' is of course to limit or restrict the general language preceding it, and not at all to enlarge the enacting clause." Commonwealth v. Charity Hospital (Pa.) 48 Atl. 906.

"A proviso is something ingrafted upon a preceding enactment, generally introduced by the word 'provided'." De Graff v. Went (Ill.) 45 N. E. 1075.

Under the Workmen's Compensation Law, when a proceeding is filed in this court to review an award or the findings and orders of the State Industrial Commission, the Attorney General, without extra compensation, shall represent the Commission therein. (Section 7297, C. O. S. 1921.)

The first proceeding brought in this court requesting the court to construe the proviso added to section 7325, supra, by the amendment of 1923, is Willett v. State Industrial Commission, decided January 31, 1928, and

reported in 129 Okla. 101, 263 Pac. 664. It will be noted that the State Industrial Commission was a respondent in that proceeding and the Attorney General of the state of Oklahoma represented the State Industrial Commission in this court. The Attorney General and the other counsel named as attorneys for defendants in error, or respondents, filed a very able brief in that case, and owing to the fact that that was the first proceeding brought in this court to construe said proviso, and the further fact that the Attorney General represented the State Industrial Commission, I feel it appropriate to quote the language used by the Attorney General in so far as the same applies to the proviso now under consideration. Commencing on page 11 of the brief of the Attorney General in that case, we quote the following excerpts from the argument of the Attorney General. They are as follows:

"There is but one question presented on this appeal, and that is whether the Industrial Commission has authority to set aside an award duly made on a joint petition under section 7325, C. O. S. 1921, as amended by Session Laws 1923, section 13, chapter 61."

"This question is presented to this court for the first time, as this court has not had occasion to construe that part of section 7325, as amended, which has to do with the filing of a joint petition and the hearing thereon."

Following this language, the Attorney General sets out in his brief, sections 7294, 7296, and 7325, as amended, and 7325 before the 1923 amendment. It is not necessary to set them out here, as we have already quoted them in this opinion. Following these sections of the statute, the Attorney General cites Choctaw Portland Cement Co. v. Lamb, supra, Sun Coal Co. v. State Industrial Commission, supra, U. S. F. & G. Co. v. State Industrial Commission, supra, and other decisions which are not necessary to restate here, and then proceeds:

"While the foregoing cases construe sections 7294, 7296, and 7325, both before and subsequent to the 1923 amendment, yet none of these cases involve or construe that part of section 7325 as amended, which has to do with settlements and proceedings under joint petition.

"We have already set out in full in this brief section 7325, as it was prior to the 1923 amendment, and as it is now with the 1923 amendment. It will be observed that the 1923 amendment added to the section the proviso which provides for settlement by joint petition, upon a full hearing by the Commission, and then upon an approval of the joint petition, divests the Commission of further jurisdiction.

"We respectfully submit that the section as amended admits of but one construction. The section prior to the amendment gave the Commission continuing jurisdiction over each case. The section as amended in 1923, after giving the Commission continuing jurisdiction, contains a proviso that in cases settled on joint petition and approved by the Commission, the Commission shall be without further jurisdiction. As the section now reads, it is equivalent to saying that, in all cases, the Commission shall have continuing jurisdiction, except in cases settled on joint petition with the approval of the Commission. No other construction can be given this section as amended and give the section any meaning at all." (B. 19 and 20.)

Commencing on page 22 of the brief, we we find this language:

"As is also made clear in the Attorney General's brief in the Dixon Case, when the 1923 Legislature convened, there was a widespread demand for some provision of law by which a final settlement might be made and approved by the Commission, which would not be subject to review, even though there had been a change of condition. At that time the decision in the Bales Bros. Sand Company Case had not been rendered. The law as then announced by this court was that a review of any award could be made on a change of conditions.

"Because of this demand for some provision by which a final settlement could be made, the State Industrial Commission, in conjunction with certain members of the Legislature, prepared an amendment to the existing law, which amendment was set forth as section 13, chapter 61, Session Laws 1923, amending section 7325, C. O. S. 1921, and which added to said section the following provisions."

The Attorney General then sets out the proviso to section 7325 added by the amendment heretofore discussed. The Attorney General then proceeds with his argument as follows:

"It is equally clear that section 7325 as amended meant to deal with classes of cases that could be finally and fully determined.

"As already stated, section 7325, as amended, is so clear in its language that no other interpretation can be given the section except that contended for by defendants in error.

"The section expressly provides that in all cases where settlement is made by joint petition between the parties, a hearing on said petition and an award made by the Commission approving such settlement, the Commission shall be without jurisdiction

over any claim for the same injury or any results arising from same.

"Many reasons may be pointed out for a provision of this kind. Many cases arise where a full and final settlement is desirable and is equitable to all parties concerned. The claimant may contemplate leaving the jurisdiction of the Commission never to return, or he may be so situated that a full and final settlement will give him an opportunity to engage in some undertaking of some other line of 'work that will be especially beneficial to him.

"But, of course, the reasons for the passing of the law are not material, especially in view of the fact that the language of the statute is so plain that no doubt can be raised as to the intent and purpose of the Legislature.

"The amendment is full and complete. It provides, in the first place, for a joint petition signed by all parties. And then it provides that the Commission, upon reviewing said petition, shall have power to consider the proposition of whether or not a final settlement may be had between the parties presenting such petition. It is further provided that if the Commission does not think the petition presents a state of facts warranting a final settlement, the Commission may dismiss the petition without a hearing. Then it is provided that the Commission may set the joint petition down for hearing and take such testimony as it desires. It is further provided that, if the Commission after a hearing on said petition, finds that it is for the best interest of both parties that a final award should be made, then a decision shall be rendered accordingly. Then, finally, it is provided that the Commission shall make an award that shall be final as to the rights of all parties, and thereafter the Commission shall not have jurisdiction over any claim for the same injury', or any results arising from same.

"It is significant that the amendment further provides that in case the petition shall be dismissed, the Commission shall have the same jurisdiction over the matter as if said petition had not been filed. And, then, it is also significant that the section provides for appeal from the award made by the Commission after said hearing.

"The Legislature could not have adopted a more complete procedure protecting the rights of all parties than it did by making this amendment.

"After the joint petition is signed and presented, the law requires the Commission first to pass upon the sufficiency. Then if the Commission is satisfied that the petition on its face presents a state of facts that seem to justify a final award, a hearing shall be had on said petition before the Commission. At this hearing all the facts in relation to the settlement and in relation to the claim, the status of the claimant, and in relation to all other matters properly to be considered, may be developed by the Commission. Then, after a full and complete hearing, with the understanding by all parties and by the Commission that the award will not be reviewable by the Commission upon any grounds, the Commission makes its final award. Surely, none of the parties to such an agreement or to such a hearing have any right to complain.

"Furthermore, either party has 30 days in which to appeal, if the award does not follow the agreement set out in the joint petition, or does not meet with the approval of either party." (B. 25, 26, 27, 28 and 29.)

Concluding his argument on page 31 of the brief, the Attorney General says:

"The 1923 amendment cannot be given any meaning at all unless it is held to cover a special class of cases—that is, cases settled on joint petition. This amendment created a new class of cases—joint petition cases—not included in any prior statute. It provides a special procedure for the hearing on joint petition cases, and makes the award absolutely final, depriving the Commission of any further jurisdiction. If there should be any conflict between the amendment and other sections of the statute, then the amendment being a latter expression of the legislative will, would supersede any prior statute.

"Clearly the amendment is inconsistent with the idea of continuing jurisdiction. And this amendment has a proviso appearing in the very same section that gives the Commission continuing jurisdiction. The only reasonable conclusion, and the only reasonable construction, is that the statute means that the Commission shall have continuing jurisdiction in all cases, except those specifically excluded by the proviso in the same section—joint petition cases."

The syllabus in Willett v. State Industrial Commission, supra, reads:

"The Industrial Commission of the state of Oklahoma is without jurisdiction to set aside an award made upon a joint petition of employer and employee under the provisions of section 7325, C. O. S. 1921, as amended by the 1923 Session Laws, or to make any further award where it appears that a hearing as provided in said section was had on said petition, and a final award made and no appeal taken therefrom."

In the body of the opinion, we find this language:

"It is contended by the plaintiff in error that, to hold a final award could be made under section 7325, would, in effect, repeal section 7296; that it is against the spirit and intention of the Compensation Law, and that, since there is no repeal of section 7296, the two sections should be construed together and in cases where a change in condition is shown, a rehearing should be granted.

"It is true, as contended by plaintiff, that repeal of statutes by implication is not favored by the law, and we are of the opinion that to hold the order of December 14, 1925, final in this case, would except from the provisions of section 7296 those cases where a joint petition is filed and a hearing had before the Commission on said joint petition.

"We are further mindful of the rule heretofore well established that the Compensation Law should be construed most liberally in favor of the injured employee.

"However, after taking into consideration these well-established rules and the previous decisions of our court, we can come to no other conclusion than it was the intention of the Legislature when they adopted the 1923 amendment to section 7325, C. O. S. 1921, to provide a method by which a final settlement could be made. The language of the statutes seems to us to admit of no other interpretation. It specifically provides that when a joint petition is filed and a full hearing had before the Commission on said petition, if the Commission is of the opinion that a final award should be made, and does make the final award, it shall thereafter have no 'jurisdiction over any claim for the same injury or any results arising from same.' To our minds the language could not be more plainly stated. This amendment was passed at a later time than section 7296, and the Legislature evidently intended, although they did not specifically say so, to make section 7296 ineffective when a joint petition was filed and a hearing had thereon.

"Under the provisions of the 1923 amendment to section 7325, the Industrial Commission is authorized to have a full hearing, and they are delegated with a very wide discretion and full and ample power to investigate fully the condition of any claimant at the time a joint petition is filed, and to deny or dismiss said petition if a final settlement, in its opinion, is not advisable, regardless of the desires of either party."

The proviso to section 7325 in no way affects 7296, C. O. S. 1921, in so far as it relates to awards for compensation made under section 7294, but only has to do with joint petition cases and hearing thereon authorized under the proviso.

Section 7296 provides that, upon its own motion or upon the application of any party in interest, on the ground of a change in condition, the Commission may at any time review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in this act. This court has repeatedly held that this section only applies to cases in which an award for compensation was entered under section 7294.

In Marland Production Co. v. Hogan, 146 Okla. 220, 294 Pac. 115, this court says:

"When sections 7296, 7297, and 7325 (Comp. St. 1921) are considered together, it must be held that it was the legislative intent that the Commission have a continuing power and jurisdiction to review its award on the ground of a change in conditions only, and, except for a change in conditions, the award is final and conclusive upon all questions within its jurisdiction, unless suit is commenced in this court within 30 days to review the award or decision."

As stated before, section 7325, supra, prior to the amendment gave the State Industrial Commission continuing jurisdiction over its orders and decisions made under section 7294, where the employer and employee shall reach an agreement as to the facts with relation to an injury for which compensation is claimed under the Workmen's Compensation Law or where a claim is filed for compensation by an injured employee where the amount previously awarded was either too large or too small or where the Commission had previously erred in fixing the compensation through mistake or through fraud practiced upon it. Choctaw Portland Cement Company et al. v. Lamb et al., supra.

Prior to the time the Legislature added the proviso to section 7325, there was no law authorizing the filing of a joint petition or providing the procedure upon same, and, as said by the learned Attorney General in his brief in the Willett Case, the proviso excepts from the preceding portion of section 7325 cases settled on joint petition after a hearing and with the approval of the Commission, it being the office of this proviso to accomplish that result.

In the case of Tippin, Gd'n, v. State Industrial Commission, 134 Okla. 179, 272 Pac. 848, this court, following the rule announced in the Willett Case, in the syllabus says:

"The Industrial Commission of the state of Oklahoma is without jurisdiction to set aside an award made upon a joint petition of employer and employee under the provisions of section 7325, C. O. S. 1921, as amended by chapter 61, Session Laws 1923, or to make any further award, where it appears that a hearing as provided in said section was had on said petition, and a final award made and no appeal taken therefrom."

It would be a glaring inconsistency for this court to hold that the State Industrial Commission is without jurisdiction to set aside an award made upon a joint petition of employer, or insurance carrier, and employee, under the provisions of section 7325, C. O. S. 1921, as amended by section 13,

c. 61, Session Laws 1923, or to make any further award where it appears that a hearing as provided in said section was had on said petition, and a final award made and no appeal taken therefrom, and then to hold that the award is final in the absence of fraud.

If the jurisdiction of the State Industrial Commission ceases, which the statute says it does, upon entering its judgment on a joint petition, then it has no jurisdiction on the ground of fraud or otherwise to set aside said order or judgment, except it might grant a rehearing within ten days under rule 30 of the Commission. Its jurisdiction is ended in so far as it relates to joint petitions, as it has only such power and jurisdiction as is given it by statute and its rules. We might as well hold that this court does not have jurisdiction to review the errors of a trial court where the petition in error with transcript, bill of exceptions, or case-made is not lodged in this court within six months after the date of the judgment or final order appealed from, and then hold that we have carefully examined the record and find that the judgment is not reasonably sustained by competent evidence and reverse the case. We do not have jurisdiction to do these two things; neither has the Industrial Commission jurisdiction to vacate a judgment entered after a hearing upon a joint petition under the proviso to section 7325, as amended by section 13, c. 61, Session Laws of 1923, for the reason the proviso expressly states that:

"If the Commission decides it is for the best interest of both parties to said petition that a final award be made, a decision shall be rendered accordingly and the Commission may make an award that shall be final as to the rights of all parties to said petition, and thereafter the Commission shall not have jurisdiction over any claim for the same injury or any results arising from same."

"Compensation statutes are liberally construed, but are not to be strained to meet exigencies of a particular case nor amended by judicial construction." Pappas v. North Iowa Brick & Tile Co. (Iowa) 206 N. W. 146.

The majority opinion recognizes that the proviso to section 7325 contained in the amended section 13, c. 61, Session Laws of 1923, provides a special procedure for joint petitions and a hearing thereon by the Commission, and takes such cases out of the operation of that portion of the section preceding the proviso. As stated before, that portion of the section preceding the proviso gives the Commission continuing power and

jurisdiction over its findings and orders in all cases, except joint petition cases, and enables it to change its findings and orders to effectuate justice where the amount previously awarded was either too large or too small, or where the Commission had previously erred in fixing the compensation through mistake or through fraud practiced upon it. Also, section 7296 confers power and jurisdiction upon the Commission to at any time, upon its own motion or upon the application of any party in interest, end, diminish, or increase its award for compensation, on the ground of a change in condition, except only joint petition cases.

To recapitulate, the majority opinion holds that section 7325, C. O. S. 1921, as amended by c. 61, Session Laws of 1923, provides that upon a joint petition of the injured employee, employer, or insurance carrier, being filed and a hearing had thereon and a final award made and no appeal taken therefrom, the Industrial Commission is without jurisdiction to review said award except on the ground that the same was procured by fraud and misrepresentation.

Now, if the proviso sets up a special procedure on joint petitions and takes away from the Industrial Commission its continuing power and jurisdiction to end, diminish, and increase awards for compensation, on the ground of a change in condition under section 7296, and to change its findings and orders to effectuate justice where the amount previously awarded was either too large or too small, or where the Commission had previously erred in fixing the compensation awarded through mistake, under that portion of section 7325 preceding the proviso, I am at a loss to understand by what process of reasoning this court holds that the proviso did not take away from the Commission its continuing power and jurisdiction to change its findings and orders because of "fraud practiced upon it."

If the proviso excepts from the power and jurisdiction of the Commission awards for compensation made after a hearing on a joint petition and excepts from the power and jurisdiction of the Commission its authority to change its findings and orders to effectuate justice where the amount previously awarded was (1) either too large or (2) too small or (3) where the Commission had previously erred in fixing the compensation awarded through mistake, on what theory are we authorized to hold that it does not except from the power and jurisdiction of the Commission, on joint petition cases, its authority to change its find-

ings and orders to effectuate justice where the amount previously awarded was entered (4) "because of fraud practiced upon it?" The four grounds last mentioned have been held to be the ones over which the Industrial Commission had continuing jurisdiction to change its findings and orders to effectuate justice where the amount previously awarded was (1) either too large or (2) too small or (3) where the Commission had previously erred in fixing the compensation through mistake or (4) because of fraud practiced upon it. This continuing power and jurisdiction was granted by section 7325 prior to the amendment—section 13, c. 61—adding the proviso providing a special procedure for filing and hearing joint petitions.

There is some dictum in the Willett Case and the Tippin Case, supra, to the effect that the Industrial Commission had power and authority to change its award where fraud was practiced upon the Commission, but, as I have tried to point out herein, such dictum is contrary to the rule announced in the syllabus in these cases.

In the case of Skelly Oil Co. v. Standley, 148 Okla. ___, 297 Pac. ___, this court said: "We decline to follow the dictum contained in the Cagle Case, which approves the reasoning in the Ehrhart Case." So, in this case, I feel the court should decline to follow the dictum in the Willett and Tippin Cases which is contrary to the rule of law announced in the syllabus.

For these reasons, I cannot concur in the majority opinion. If, however, this court is going to lay down the rule that the Industrial Commission has jurisdiction to vacate its judgments on the ground of fraud, on joint petition cases, there are two other issues in this case to which I desire to call the attention of my associates.

The first paragraph of rule 30 provides:

"Any party, or parties, aggrieved or dissatisfied with an award, order or decision of the Commission, may at any time within ten days from the date of said award, order or decision apply for a rehearing on the grounds that the Commission acted without, or in excess of, its power; that the order, decision, or award was procured by fraud; that the evidence does not justify the findings; that the applicant has discovered new evidence; that the findings do not support the order, decision, or award."

It appears from the majority opinion that Dr. Cunningham stated to respondent Mike Casey that he had a very badly sprained wrist, but the doctor did not tell him that the injury was permanent. However, respondent testified that Dr. Cunningham told him on the second or third day after the joint petition was heard that his wrist would be stiff permanently. This testimony is disputed by Drs. Cunningham and Riley. So, according to the respondent's own testimony, he was advised by the doctor within two or three days after the settlement on the joint petition that his wrist would be stiff permanently. Under rule 30 of the State Industrial Commission, he had ten days after the judgment was entered to file an application for rehearing. Seven or eight days of that time had not run when he was advised that his wrist would be stiff permanently. It was the duty of the respondent to act promptly upon discovering the fraud, if in fact there was any fraud, and no excuse is given for failing to file an application for rehearing within the ten days allowed by the rules of the State Industrial Commission.

The majority opinion further states that respondent Mike Casey testified that he was personally acquainted with Mr. Deselms and relied on his statement that an insurance carrier generally paid four or five weeks on a sprained wrist. There is no testimony that Mr. Deselms' statement was false; so, I am of the opinion, even under the holding of the court that where there is any competent evidence supporting such finding and award the same will not be disturbed by this court on review, that the respondent's own testimony is insufficient to entitle him to an order vacating the judgment in this case under that rule of evidence announced in the majority opinion.

This court has held in a number of cases that it would not set aside the findings and award of the State Industrial Commission where there is any competent evidence supporting the same. It has also held that the award must be reasonably supported by competent evidence. I quote from three of the cases, as follows:

"When there is any evidence reasonably tending to support the order of the State Industrial Commission, such order is final and conclusive on this court." Consolidated Fuel Co. v. State Industrial Commission, 85 Okla. 112, 205 Pac. 170.

In Cosmos Mining Co. et al. v. State Industrial Commission, 101 Okla. 283, 225 Pac. 720, the first paragraph of the syllabus is as follows:

"In a proceeding for the award of compensation under the Workmen's Compensation Act, the burden of proof is on the claimant to prove that the injury complained of was caused by an accidental injury arising out of and in the course of the employment, and where there is no evidence reasonably supporting the finding of the In-

dustrial Commission that such injury was caused by an accident sustained by claimant, arising out of and in the course of the employment, the award is contrary to law and will be reversed by this court."

In Coulter v. Continental Oil Co., 130 Okla. 199, 266 Pac. 463, the syllabus is as follows:

"In a proceeding of review of a case arising under the Workmen's Compensation Law, the judgment of the State Industrial Commission is final upon issues of fact, and it will not be reviewed by the Supreme Court where the findings of fact on which the judgment is based are reasonably supported by any competent evidence in the record."

I have cited two of the earlier and one of the later decisions upon this issue. If we are not going to apply the rule of evidence relative to vacating on the ground of fraud in equity cases, which I feel should apply, then I feel that the testimony warranting the State Industrial Commission to vacate a solemn judgment should be as strong and convincing as is the testimony authorizing it to make an award in the first instance.

Second, the question may arise as to how a judgment on a joint petition after a hearing might be set aside on the ground of fraud. This question has been answered by the decisions of this court in Dennis, State Bank Commissioner, v. Kelly, 81 Okla. 155, 197 Pac. 442. This court, in an opinion by Mr. Justice McNeill, said:

"The district courts of this state, in exercising their equitable jurisdiction, have power to vacate and annul orders or judgments of other courts in a proceeding brought for that purpose, for fraud in inducing or entering into such order or judgment, but only where such fraud is extraneous to the issues in the proceeding attacked, and especially where the court has been imposed upon by such fraud."

This rule was followed in the case of O'Neill v. Cunningham, 119 Okla. 157, 244 Pac. 444.

In the latter case a suit was brought in equity in the district court to set aside certain orders and judgments entered in a county court, and which were attacked in the equitable proceeding on the ground that they were procured by fraud.

I do not think that the issue in regard to the rule of evidence or the procedure for vacating a judgment on the ground of fraud is involved in the case at bar, but, since they have been discussed in the majority opinion, I desire to call my associates' attention to some of the former decisions of this court before this case becomes final.

I am authorized to state that Mr. Justice RILEY concurs in this dissenting opinion.

Note.—See under (1) 28 R. C. L. p. 826; R. C. L. Perm. Supp. p. 6250.