### INDIAN TERRITORY ILLUMINATING OIL CO. et al. v. RAY et al.

No. 22150. Opinion Filed Nov. 24, 1931.

Clayton B. Pierce, for petitioners.

Ben C. Arnold, Leo J. Williams. and M. J. Parmenter, for respondents.

SWINDALL, J. This is an original proceeding to review an award of the State Industrial Commission. On May 13, 1927, Walter S. Ray, as claimant, filed before the State Industrial Commission a claim for compensation against the Indian Territory Illuminating Oil Company, a corporation, respondent, and the Aetna Life Insurance Company, insurance carrier. On February 14, 1928, there was filed with the State Industrial Commission a joint petition for settlement which, omitting formal parts, is as follows:

"Comes now the claimant Walter S. Ray, and the respondent and insurance carrier as above styled, and respectfully petition the State Industrial Commission to make a final order and award as provided by section 7325, C. O. S. 1921, as amended by chapter 61, Laws of 1923, and in support thereof say: That above-named claimant claims that, on January 11, 1927, while in the employ of respondent he received an accidental injury arising out of and in the course of his employment. The respondent and its insurance carrier have denied that claimant received an accidental injury on the date above mentioned and have denied that claimant is disabled; the parties say that testimony has been taken by the State Industrial Commission at Oklahoma City on July 22nd and at Wewoka on August 19, 1927, and that claimant has been examined by Dr. John W. Riley, whose report of such examination is attached hereto and made a part hereof.

"The parties further say that for the purpose of mutually compromising said disputed claim, and for no other purpose, they have reached an agreement by the terms of which the respondent and its insurance carrier have agreed to pay and the claimant has agreed to accept the sum of one hundred fifty dollars ($150) in full, final, and complete settlement of any and all claims which said claimant has or may have arising out of or resulting from the accident and injury aforesaid, or any other matter or thing prior to the date hereof.

"The parties waive the usual notice of hearing and agree that this matter may be heard upon the presentation of this petition and that the Commission may consider in connection with this petition the report of Dr. John W. Riley attached hereto, the evidence heretofore taken, and the records now on file. Parties understand that this is a final settlement and that upon the making of the award prayed for the Commission will be without further jurisdiction in the premises.

"Wherefore, the parties pray a final order in conformity with the agreement above set forth under the provisions of section 7325, C. O. S. 1921. as amended by chapter 61, Laws of 1923."

This petition is signed by Walter S. Ray, claimant, and his attorney, Chester E. Bender, and by the Indian Territory Illuminating Oil Company, respondent, Aetna Life Insurance Company, insurance carrier, and Clayton B. Pierce, their attorney.

Upon this petition being filed, testimony was taken before the Commission. The claimant was examined by counsel and by

the court, and appears to have fully understood that he was making a final settlement on joint petition. On February 14th, after taking testimony, the Commission rendered its final order on joint petition as follows:

"Now, on this 14th day of February, 1928, the State Industrial Commission being regularly in session, this cause comes on to be heard on the joint petition of the parties for a final award under the provisions of section 7325, C. O. S. 1921, as amended by chapter 61, Laws of 1923, and the claimant appeared in person and by his attorney, C. E. Bender, and the respondent and its insurance carrier appeared by their attorney, C. B. Pierce, and the Commission having heard the testimony and considered the joint petition of the parties, the evidence taken at former hearings and the records now on file, and being otherwise well and sufficiently advised in the premises, finds:

"(1) That the claimant claims that on January 11, 1927, he received an accidental injury arising out of and in the course of his employment with the respondent who was then engaged in a business covered by the terms of the Workmen's Compensation Act; that the fact of an accident or resulting disability is denied by the respondent and its insurance carrier.

"(2) That for the purpose of compromising and settling the disputed claim, the parties have reached an agreement by the terms of which the respondent and its insurance carrier are to pay to claimant the sum of $150 in full, final, and complete setflement of any claim which said claimant has or may have against the respondent or its insurance carrier.

"The Commission is of the opinion that the facts in this case as disclosed by the evidence are such that the compromise and settlement between the parties should and ought to be approved.

"It is therefore ordered: That within ten days from this date the respondent or its insurance carrier pay to the claimant, Walter S. Ray, the sum of one hundred fifty dollars ($150) in full, final, and complete settlement of any claim which the said claimant may have against the respondent or its insurance carrier on account of the accident of January 11, 1927.

"It is further ordered: That within 30 days from this date, the parties file a receipt or other evidence in compliance with this award, and that under the provisions of section 7325. C. O. S. 1921. as amended by chapter 61, Laws of 1923, this cause be closed.

"L. B. Kyle (Signed in ink)
"Chairman.

"Upon adoption of the foregoing order, roll was called and the following voted aye: Kyle and Bryan (Roblin being absent)."

It is contended by the petitioners, first, that upon joint petition being filed and evidence taken and settlement approved by the State Industrial Commission the State Industrial Commission does not have jurisdiction thereafter to reopen the case on the ground of fraud; and, second, that no fraud was established upon the hearing to vacate the award on the ground of fraud and allow additional compensation as disclosed by the order of February 18, 1931; and they base their first contention on the proviso to section 7325, C. O. S. 1921, as amended by section 13, ch. 61, Session Laws 1923. The section amended with the proviso added is as follows:

"The power and jurisdiction of the Commission over each case shall be continuing, and it may, from time to time, make such modifications or changes with respect to former findings or orders relating thereto if, in its opinion, it may be justified, including the right to require physical examinations as provided for in section 7293, and subject to the same penalties for refusal; provided, that upon petition filed by the employer or insurance carrier, and the injured employee, the Commission shall acquire jurisdiction to consider the proposition of whether or not a final settlement may be had between the parties presenting such petition. The Commission is authorized and empowered to have a full hearing on the petition, and to take testimony of physicians and others relating to the permanency or probable permanency of the injury, and to take such other testimony relevant to the subject-matter of such petition as the Commission may require. The Commission shall have authority to consider such petition and to dismiss the same without a hearing if in its judgment the same should not be set for hearing; the expenses of such hearing or investigation, including necessary medical examinations, shall be paid by the employer or insurance carrier, and such expenses may be included in the final award. If the Commission decides it is for the best interest of both parties to said petition that a final award be made, a decision shall be rendered accordingly and the Commission may make an award that shall be final as to the rights of all parties to said petition, and thereafter the Commission shall not have jurisdiction over any claim for the same injury or any results arising from same. If the Commission shall decide the case should not be finally settled at the time of the hearing, the petition shall be dismissed without prejudice to either party, and the Commission shall have the same jurisdiction over the matter as if said petition had not been filed. The same rights of appeal shall exist from the decision rendered under such petition as is provided for appeals in other cases before the Commission; provided there shall

be no appeal allowed from an order of the Commission dismissing such petition as provided in this section."

The respondent contends that:

"(1) Where an employer and employee enter into a joint petition and the same is approved by the Industrial Commission and an award made thereon, the same is binding between the parties in the absence of fraud.

"(2) An injured employee must give written notice of an injury within thirty (30) days, unless it be shown that the employer was not prejudiced thereby.

"(3) The decision of the Industrial Commission is final on all questions of fact and will not be disturbed by this court on appeal if there is any evidence tending to support said decision. * * * .

"(4) That the award or order approving the joint petition herein involved was not made as required by section 7315, C. O. S. 1921, and does not, therefore, constitute an official act of the Industrial Commission and is void."

Settlements and awards upon a joint petition of employer and employee appear to have been first considered by this court in the case of Willett v. Industrial Commission of Oklahoma et al., 129 Okla. 101, 263 P. 664. This is an opinion by Foster, Commissioner, and approved by the court January 31, 1928; the syllabus being that:

"The Industrial Commission of the state of Oklahoma is without jurisdiction to set aside an award made upon a joint petition of employer and employee, under the provisions of section 7325, C. O. S. 1921, as amended by the 1923 Session Laws (c. 61, sec. 13), or to make any further award, where it appears that a hearing as provided in said section was had on said petition and a final award made and no appeal taken therefrom."

In that case the Commission was requested to review an award made upon a joint petition on the ground of a change in conditions. In the body of the opinion we find this language:

"The Commission having had said hearing and made the award, we hold that the award is final, in the absence of fraud, unless an appeal is taken therefrom as provided by the statute."

This language appears to have crept into the decision by inadvertence. as there was no issue relative to fraud involved in the case. Later, in the case of Tippin v. State Industrial Commission, 134 Okla. 179, 272 P. 848, this court held that:

"The Industrial Commission of the state of Oklahoma is without jurisdiction to set aside an award made upon a joint petition of employer and employee under the provi-

sions of section 7325, C. O. S. 1921, as amended by chapter 61, Session Laws 1923, or to make any further award, where it appears that a hearing as provided in said section was had on said petition, and a final award made and no appeal taken therefrom."

In that case a motion was filed to vacate an award on the ground of fraud practiced upon Barnes at the time the joint petition was signed, and on the ground that Barnes was mentally incompetent to sign said joint petition. The Commission, over the objection of the respondent and insurance carrier that the Commission was without jurisdiction, held several hearings, at which considerable evidence was introduced by both parties, and upon consideration of the evidence the Commission denied the motion, and this court on petition to review held that the Industrial Commission is without jurisdiction to set aside an award made upon joint petition.

This brings us to a consideration of the case relied upon by respondents to sustain their contention. It is the case of Tibbs-Dorsey Mfg. Co. v. State Industrial Commission, 147 Okla. 232, 296 P. 490. In that case the court, speaking through Mr. Vice Chief Justice Clark, announced the rule applicable to joint petition cases as follows:

"Section 7325, C. O. S. 1921, as amended by chapter 61, sec. 13, Session Laws 1923, provides that upon a joint petition of the injured employee, employer or insurance carrier, the Commission may approve a lump sum settlement and make a final award. And where it appears that a hearing as provided in said section was had on said petition, a final award made, and no appeal taken therefrom, the Industrial Commission is without jurisdiction to review said award except on the ground that the same was procured by fraud and misrepresentation."

In the very recent case of Cameo Blackstone Coal Company and United States Fidelity & Guaranty Company, Petitioners, v. Paul Purcell and State Industrial Commission, Respondents, No. 22663, opinion filed November 3, 1931, mandate issued November 14, 1931, 153 Okla. 21, 4 P. (2d) 753, this court, in an opinion delivered by Mr. Justice Kornegay and concurred in by all of the Justices except Vice Chief Justice Clark, in the syllabus held that:

"In this case a final settlement was had pursuant to a joint petition and payment made July 2, 1927. On July 31, 1931, the case was reopened by the Commission and another award made. Held, the Industrial Commission did not have jurisdiction to make the last award, and it is vacated, with directions to dismiss the proceedings."

In that case the court does not refer to

the opinion in Tibbs-Dorsey Mfg. Co. v. State Industrial Commission, supra, but calls attention to Willett v. State Industrial Commission, supra, and in regard to that opinion says:

"The former was a Commissioner's decision, approved, however, by the court, and the clear logic of it is that where there is a settlement had on joint petition, the Commission loses jurisdiction to consider the case further after the payment is made and approved, though the words 'in the absence of fraud' are thrown in for good measure."

We are not so much concerned about how the words "in the absence of fraud" got into the opinion, whether they were "thrown in for good measure" or crept in by inadvertence, as we are with the question, were they germaine to the issue involved in that case and were they properly used? We do not think they had any proper place in the opinion, as fraud was not involved in that case. It appears from reading the record, briefs, and opinion in the Willett Case that the attorneys for Willett became confused as to the proper office and effect of the proviso added to section 7325, C. O. S. 1921, by section 13, ch. 61, Session Laws 1923. They seriously argued that in the event the court should hold that the Industrial Commission is without jurisdiction to review a settlement and award made upon joint petition under the terms of the proviso, then section 7325, as amended, by implication repeals section 7296, which authorizes the Commission upon its own motion or upon the application of any party in interest on the grounds of a change in conditions to review any award and make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum and minimum provided in the act; and further contended that under section 7294, C. O. S. 1921, the State Industrial Commission has authority to vacate a settlement made upon an agreed statement of facts approved by the Commission where fraud was practiced upon the Commission by either party to such agreement.

Commissioner Foster in the opinion which is approved by the court discusses cases which had been reopened or which the Industrial Commission had refused to reopen on the ground of a change in conditions, and also refers to section 7294, which provides, among other things, in substance that an employer and employee may reach an agreement as to the facts with relation to the injury in which any compensation is claimed, and if said agreement is approved by the Commission, it shall be binding in the absence of fraud upon both parties and the decision of the Commission on such agreement shall be final. It was the discussion and consideration of these cases that, in our opinion, caused Commissioner Foster to insert the paragraph in the Willett Case that "the Commission having had said hearing and made the award, we hold that the award is final in the absence of fraud unless an appeal is taken therefrom as provided by the statute." In our opinion, neither section 7294 nor section 7296, C. O. S. 1921, was in any way involved in the Willett Case, and section 7296 was not repealed by implication or otherwise by adding the proviso to section 7325 providing for the employer or insurance carrier and the employee finally submitting a cause to the Commission and the Commission making a final award therein. Under section 7296, C. O. S. 1921, the procedure is provided for the Commission, upon its own motion or upon the application of any party in interest, on the ground of a change in conditions, at any time for reviewing any award formerly made and authorizing it to make an award ending, diminishing, or increasing the compensation previously awarded subject to the maximum and minimum provided in the act, and that portion of section 7325 preceding the proviso confers continuing jurisdiction upon the State Industrial Commission to review such findings, orders, and awards of the Commission. Section 7296 and that portion of section 7325 as amended by section 13, ch. 61, Session Laws 1923, preceding the proviso, apply only to claims filed for compensation under section 7294 and to cases submitted on an agreed statement of facts filed with and approved by the Commission under that section, and it specifically provides that if said agreement, that is, said agreed statement of facts, is approved by the Commission, its decision shall be final and conclusive upon both parties in the absence of fraud. This court has consistently followed the rule announced in Choctaw Portland Cement Co. v. Lamb, 79 Okla. 109, 189 P. 750, that under section 7296, C. O. S. 1921, the Commission may, upon its own motion or upon the application of any party in interest, on the ground of a change in conditions, review any award and make an award ending, diminishing, or increasing the compensation previously awarded subject to the limitations provided in the act. These former decisions are discussed in Loffland Brothers Co. v. Velvin, 152 Okla. 83, 3 P. (2d) 855. They are not involved in this decision, and we simply call attention to them for the reason that we desire it distinctly and clearly understood that the proviso to section 7325 added by the Legislature in 1923 does not in any way affect claims for compensation filed by injured employees or agreed state-

ments of fact filed by injured employees and approved by the Commission under section 7294, C. O. S. 1921, and does not deprive the State Industrial Commission of power and jurisdiction to vacate an award entered upon an agreed statement of facts if upon a subsequent hearing there is competent evidence offered to establish the fact that fraud was practiced upon the Commission in the filing and presentation of the agreed statement of facts that induced the Commission to approve the same and enter an award thereon. However, the very office of a proviso is to except something out of the general terms of the grant, statute, or other instrument to which it may be attached. See Board of Education of Oklahoma City v. Woodworth, 89 Okla. 192, 214 P. 1077; Legout v. Price (Ill.) 149 N. E. 427; Minus v. United States, 10 L. Ed. 799; Mackmull v. Brandlein, 137 N. Y. Supp. 607; Commonwealth v. Charity Hospital (Pa.) 48 Atl. 906; DeGraff v. Went (Ill.) 45 N. E. 1075. Such is the office of the proviso in section 7325, as amended by section 13, ch. 61, Session Laws 1923. It provides the procedure whereby an employer or insurance carrier and an injured employee may file and present to the State Industrial Commission a joint petition not provided for in any of the preceding sections of the Workmen's Compensation Law, and authorizes and empowers the Commission to have a full hearing on the petition and to take testimony of physicians and others relating to the permanency or probable permanency of the injury and to take such other testimony relative to the subject-matter of such petition as the Commission may require. The Commission has authority to consider such petition and to dismiss the same without a hearing if in its judgment the same should not be set for hearing. The expenses of such hearing or investigation, including necessary medical examinations, shall be paid by the employer or insurance carrier and such expenses may be included in the final award. If the Commission decides it is for the best interest of both parties to said petition that a final award be made, a decision shall be rendered accordingly and the Commission may make an award that shall be final as to the rights of all parties to said petition, and thereafter the Commission shall not have jurisdiction over any claim for the same injury or any results arising from the same. This clearly shows that it was the legislative intent to vest the Commission with discretion in determining whether or not it should make a final settlement of compensation, and it is clear that in the event the Commission decides it is for the best interest of both parties to said petition that a final award

be made and makes an award accordingly, that the same shall be final as to the rights of all parties to the petition and that thereafter it shall not have jurisdiction over any claim for the same injury or any results arising from same. After compensation has been awarded under the procedure provided for in section 7294, it may be finally settled and determined by a joint petition under the procedure provided for in the proviso in section 7325, as amended, supra.

For the reasons herein stated, we are of the opinion that the use of the words "in the absence of fraud" in the body of the opinion in the Willett Case caused this court to commit error in approving the words "except on the ground that the same was procured by fraud and misrepresentation" as a part of the syllabus in Tibbs-Dorsey Manufacturing Co. v. State Industrial Commission, supra, and for that reason the decision of this court in that case, reported in 147 Okla. 232, 296 P. 490, is expressly overruled as being in conflict with the rule of law announced by this court in the syllabus in, the Willett, Tippin, and Cameo Blackstone Coal Company Cases, supra. The language in the body of the opinion in the Willett Case that "The Commission having had said hearing and made the award, we hold that the award is final, in the absence of fraud, unless an appeal is taken therefrom as provided by the statute," is likewise disapproved.

Having reached the conclusion that the State Industrial Commission is without jurisdiction to vacate an award entered by it approving a settlement made on joint petition, we must hold that the first, second, and third contentions of the respondents are not well taken.

Relative to the further proposition that the award or order approving the joint petition herein involved was not made as required by section 7315, C. O. S. 1921, and does not therefore constitute an official act of the State Industrial Commission and is void, we have examined the record and find that the records show that the roll was called upon the final order on joint petition and the record shows that Commissioners Kyle and Bryan voted for the order and that Commissioner Roblin was absent. Section 7315, C. O. S. 1921, provides that:

"The Commission shall be in continuous session and open for transaction of business during all business hours of every day except Sunday and legal holiday. All sessions shall be open to the public, and may be adjourned, upon entry thereof in its records, without further notice. Whenever convenience of parties will be promoted or delay and expense prevented, the Commission may

hold session anywhere in the state. Every vote and official act of the Commission shall be entered of record, and the record shall contain a record of each case considered, and the award, decision, or order made with respect thereto, and all voting shall be by calling of each Commissioner's name by the Secretary, and each vote shall be recorded as cast. A majority of the Commission shall constitute a quorum. A vacancy shall not impair the right of the remaining Commissioners to exercise all the powers of the full Commission so long as the majority remains."

In addition to the certified record heretofore set out in this opinion showing that two of the three members of the State Industrial Commission voted for the final order, the record at page 60 shows a claim in cause No. A-2015, which is the number of the claim involved in this action, Walter S. Ray, Claimant, v. I. T. I. O., Respondent, Aetna Life Insurance Co., Insurance Carrier, receipt for $150 on account of the injury involved in this action and dated February 14, 1928, signed by Walter S. Ray, employee, stamped received by the Industrial Commission February 22, 1928, and approved by the Industrial Commission on February 24, 1928. We think this is a sufficient compliance with section 7315. The section relative to the Commission keeping a record is very similar to section 685, C. O. S. 1921, relative to the keeping of records in courts of record, which reads as follows:

"All judgments and orders must be entered on the journal of the court, and specify clearly the relief granted or order made in the action."

In construing this section this court in City of Tulsa v. Kay, 124 Okla. 243, 255 P. 684, said:

"A court of record acts by its records. Such a court hears arguments upon its records; it decides upon its records; it acts by its records; its openings and sessions and adjournments can be proved only by its records; its judgments can only be evidenced by its records—in a word, without its records it has no vitality. The acts of a court of record are known by its records alone and cannot be established upon matters within its jurisdiction by counter evidence. What shall comprise the records of such a court in this jurisdiction is provided by statute, section 685, Compiled Oklahoma Statutes 1921. The court here speaks through its journal, and when the journal is silent as to any act upon which jurisdiction on appeal depends, the appeal must be dismissed. 7 R. C. L. 1017. To hold otherwise would be to permit functionaries to run the court. Morris v. Caulk, 44 Okla. 342, 144 P. 623."

That case was cited with approval in Grand Lodge Brotherhood of Railroad Trainmen v. Scott, 135 Okla. 74, 274 P. 27.

While the State Industrial Commission is not a court of record, section 7315 provides it shall keep records and how the same shall be kept, and we do not think that one Commission has authority to vacate and hold for naught the records of a former Commission, and that the State Industrial Commission committed error in attempting to vacate the record of the former Commission in making a final settlement on joint petition in this case. We are of the opinion, and hold, that when the Commission entered its final award on joint petition in this case on February 14, 1928, and no proceeding was commenced to review within 30 days after notice of award, it thereafter lost jurisdiction and power to vacate or modify its final order entered on joint petition, and that its findings, orders, and awards dated February 18, 1931, should be, and the same are hereby in all things vacated, set aside, and for naught held, and said cause is remanded to the State Industrial Commission, with directions to dismiss all proceedings had after final settlement on joint petition for want of jurisdiction.

LESTER, C. J., and RILEY, HEFNER, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.