## COALTON ·COAL CO. v. PULVIRENTI et al.

No. 21148. Opinion Filed Feb. 10, 1931.

C. J. Pinkston and Allen & Jarman, for petitioners.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., and Harris & Lackey, for repondents.

HEFNER, J. On September 20, 1928, the claimant while working for the respondent in its coal mines hurt his back while lifting one of the cars in the mine and as a result was in bed for 45 days and had to wear a brace for a period of 52 days.

On May· 8,· 1929, the Commission made an award for temporary total disability for a period of 21 weeks and 5 days, amounting to $393, which was paid by the respondent.

On May 16, 1929, the claimant filed his petition for a rehearing, which was denied May 22, 1929. About six months thereafter the claimant filed another petition with the Commission seeking a further award, alleging five grounds therefor. A demurrer was sustained to all of the grounds except the one alleging that there had been a change of condition of the claimant.

After hearing the testimony on February 6, 1930, the Commission entered its order awarding the claimant the sum of $648.83 additional compensation at the rate of $13 per week for 300 weeks from September 20, 1929, for a 50 per cent. permanent partial disability. In the order of the Commission one of its findings is as follows:

"That the claimant, Pete Pulvirenti, suffered a change in his physical condition after May 8, 1929, which has resulted in 50 per cent. permanent disability, and said change of condition was and is due to the aforementioned injury."

The petitioner contends that there is only one question presented and that is: "Did claimant submit evidence to establish as a fact a change in his condition since the original award, and if so, was such change in condition due to the original injury?"

Several doctors testified, and there is no doubt about the original injury. While most of the doctors testified that there had been no change in condition, they also testified that the claimant was in no better condition than he was at the time of the

original award. We think the evidence discloses that claimant's physical condition at the time second award was made resulted from the original injury. A portion of Doctor Long's testimony is as follows:

"No, as far as I was able to see, there could have been no improvement. I thought there might have been evidence of a little irritability to the right leg. * * *

"I think there was a little more evidence of a change. My notes made at the time of the first examination do not mention it. It was obvious at the last examination. I may have overlooked that the first time."

A portion of claimant's testimony is as follows:

"I am in worse condition now than in May, 1929. I can't bend, and I can't sleep at night. Dr. Bollinger put the brace on me, which I wore about 54 days. I am wearing a brace now because it helps me to stand. I could bend better in May, 1929. I feel different now than in May, 1929. I am stiff in my back, hurt in my back, my leg is stiff. I can't move it. * * * Q. Was the leg stiff before May? A. Yes, sir; a little. I can't bend it to take off my shoe. * * * I can't bend so well now. I still stay in bed part of the time."

The rule announced by this court in the case of Choctaw Portland Cement Co. v. Lamb, 79 Okla. 109, 189 Pac. 750, seems to be applicable here. There it was said:

"The Commission found that there had been a change in conditions, and the act provides that the decision of the Commission shall be final as to all questions of fact. It is unnecessary for us to express an opinion on the proposition of law advanced by counsel that a finding of a court or jury, which is without support in the evidence, presents a question of law rather than of fact, for there is some evidence in this record supporting the findings of the Commission that there had been a change in conditions, and this court is not authorized to weigh the evidence upon which that finding is based. Moreover, the jurisdiction of the Commission to modify or change its previous findings or orders is not determined solely by the above quoted provision, for there is another provision, namely, section 14, art. 4, which provides that the power and jurisdiction of the Commission over each case shall be continuing and that the Commission may, from time to time, make such modifications and changes of its former findings or orders relating thereto as, in its opinion, may be just, including the right to make physical examination as provided by section 9, art. 2, of the act. It is obvious, from the language of this section, that it was the intention of the Legislature that the power and jurisdiction conferred on the Commission by the act should be broad and comprehensive. We will not construe the act to subvert the manifest purpose of the Legislature, as it seems to us that this broad and comprehensive jurisdiction was wisely conferred, since, under the act, the injured employee must file his claim for compensation with the Commission within one year after he is injured, or his claim for compensation under the act is forever barred. Section 17, art. 2, c. 246, Sess. Laws 1915.

"It is a well-known fact that the nature and probable effect of an injury, in many cases, cannot immediately be determined by the most proficient physicians or surgeons, and we are confident that the Legislature had this fact in mind when it provided in section 14, art. 4, for subsequent physical examinations, and conferred jurisdiction on the Commission to modify or change its former findings or orders. The provision thus serves as a protection both to the employer and employee, and enables the Commission to change its findings and orders to effectuate justice where the amount previously awarded was either too large or too small, or where the Commission had previously erred in fixing the compensation through mistake or because of fraud practiced upon it. The facts of this case prove the wisdom of the provision. When the first order was made the extent of claimant's injury was not determinable by the Commission; when the second order was made the claimant's hand had been amputated, and it appeared to the Commission that the extent of his injury was the loss of his hand, but when the last order was made it appeared to the Commission, from the evidence, that the claimant was more seriously injured, and that he had lost the use of his arm."

In the case at bar the Commission found that there had been a change in conditions and the industrial act provides that the decision of the Commission shall be final as to all questions of fact. A careful reading of the record will disclose that there is some evidence that there had been a change in conditions. This court is not authorized to weigh the evidence upon which that finding is based. The petition to vacate the award of the Commission is denied.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, and ANDREWS, and McNEILL, JJ., concur. CLARK, V. C. J., not participating. KORNEGAY, J., absent.

Note.—See under (1) anno. L .R. A. 1916A, 178, 266; L. R. A. 1917D, 187; 28 R. C. L. p. 823.