### ATLANTIC OIL PRODUCING CO. v. MALONE et al.

No. 22149. Opinion Filed July 21, 1931.

Rehearing Denied Oct. 13, 1931.

Application to File Second Rehearing Denied Oct. 20, 1931.

T. R. Freeman, Horace H. Hagan, and T. Austin Gavin, for petitioners.

Murrah & Bohanon and M. F. Boddie, for respondents.

HEFNER, J. This is an original proceeding in this court by the Atlantic Oil Producing Company to review an award of the Industrial Commission, awarding compensation to C. W. Malone.

It appears that claimant, while in the employ of the petitioner, on the 3rd day of July, 1930, sustained certain injuries to his back and kidney. He was at that time engaged in cleaning a boiler and was using a water hose. A fellow workman turned the water into the hose claimant was using in such way and manner that the force of the pressure knocked him backwards against a pipe and gate valve, causing the injuries complained of. Plaintiff was receiving at that time $7.50 per day as his wages.

Petitioner paid him compensation from date of the injuries at the rate of $18 per week, until the 3rd day of October, 1930, at which time it discontinued compensation, contending that claimant had completely recovered.

Claimant then filed a motion before the Commission praying that compensation be continued. A hearing was had on the motion. The Commission found that, among other things, claimant received an injury to his kidney growing out of the accident complained of, and that he was thereby temporarily totally disabled, and awarded him additional compensation at the rate of $18 per week; payments to continue until further order of the Commission.

Petitioner contends that the award is not sustained by the evidence; that claimant's injuries to his kidney did not result from the accident, but was due to other causes.

Claimant testified that he received an injury as above detailed; that he continued working for petitioner several days after the injury, at which time he was laid off because of inability to do the work; that he informed Ed Rice, a fellow employee, of the injuries at the time; that shortly after the injuries, he discovered a pain in his back and right side; that he suffered considerably therefrom, and that the condition still exists; that he was a healthy ablebodied man prior to the injuries; that he has not been able to work since; that he had received no injury prior nor subsequent thereto.

Several physicians testified that claimant was suffering from an injury to his right kidney. As to the cause of the injury and the extent thereof, one of the doctors testified:

"Q. Doctor, I will ask you to state to the court what relation, if any, the accident which the claimant sustained on the 3rd day of July, 1930, bears with his present condition of which you speak in your conclusions? A. It is my opinion that it is probably directly responsible to his present condition. Q. Do you think this man is able to perform any kind of work at this time? A. I don't think he is."

Dr. Rice testified as follows:

"Q. Did he have any soreness in the ribs?

A. Not particularly. Q. Did he have below the kidney? A. Yes, in the fractured ribs of the kidney development. Q. Did you diagnose this particular malady by any name? A. I felt he had an infection of his kidney pelvis, or pyelitis, as a result of or aggravated by trauma. * * * Do you want my conclusion? Q. Yes. A. I believe this injury due to trauma to the right kidney with some deformity of the pelvis, and it will completely recover with rest in bed."

The evidence is conclusive that at the time of the hearing claimant was still suffering from an injured kidney.

Petitioner offered evidence to the effect that the condition of the kidney was due to a disease, and did not result from an accident, thus raising a conflict in the evidence. The Commission resolved this conflict in favor of claimant. In our opinion, there is competent evidence to sustain its finding, and we are bound thereby.

The Commission also found that four of claimant's ribs were broken as a result of the accident. This finding is challenged by petitioner. We discover no evidence to sustain this finding. We, however, think this immaterial. Claimant, at the hearing, expressly disclaimed compensation because of injury to his ribs. He only claims compensation for injury to his right kidney. Eliminating this portion of the finding, the award must, nevertheless, be sustained because of injury to the kidney.

Petition to vacate is denied.

LESTER, C. J., CLARK, V. C. J., and RILEY, SWINDALL,· ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CULLISON, J., absent.

---

On Rehearing.

SWINDALL, J. On July 21, 1931, an opinion was filed in this cause and within the time allowed by the rules of this court a petition for rehearing was filed, in which it is contended that there is no competent evidence to sustain the findings of fact contained in said award as follows, to wit:

"That said respondent, C. W. Malone, had sustained an injury, the same being four broken ribs, a strained back, and a crushed and mutilated kidney, and that as a result thereof he was and is entitled to compensation under the Workmen's Compensation Act of the state of Oklahoma."

We have carefully reviewed the record and are of the opinion that there is no competent evidence to sustain the findings that the claimant as a result of an accidental injury arising out of and in the course of his employ-

ment sustained four broken ribs, and a sprained back, or a mutilated kidney, but that there is some competent evidence to show that the claimant while in the discharge of his duties as an employee of petitioner accidentally fell backwards off of an eight-inch pipe about three inches above the ground and fell on a two-inch gate valve which struck him in the region of the kidneys and bruised a kidney and caused a temporary disability or aggravated a condition which the claimant then had as a result of a disease and resulted in a temporary disability. In either event the petitioner was liable for compensation.

Webster defines "crush" as follows:

"To compress or bruise between two hard bodies; to squeeze or force by pressure so as to destroy the natural condition, shape, or integrity of the parts, or to force together into a mass; as, to crush grapes."

So, we are of the opinion that there is some competent evidence in the record to show that the kidney of the claimant was "crushed," as the word is commonly used, but there is no competent evidence to show that it was mutilated, or that the claimant sustained a strained back or four broken ribs. As to those findings of fact, we hold that there is no competent evidence in the record to sustain the same and they are expressly vacated and set aside. We do this for the reason that, in the event further claim is made for compensation on the grounds of a change in condition or if a motion is filed by the petitioner to review on the ground of a change in condition, such findings by the Commission, that the claimant had a strained back, mutilated kidney, or four broken ribs, may not be held as binding and conclusive on the petitioner, as there is no competent evidence to sustain such findings. We have repeatedly held that under section 7325 of the Workmen's Compensation Law, as amended by section 13, ch. 61, Session Laws 1923, preceding the proviso, the power and jurisdiction of the State Industrial Commission over each case submitted to it are continuing and the Commission, upon its own motion or upon the application of any party in interest on the grounds of a change in conditions presented under section 7296, C. O. S. 1921, may from time to time make such modifications or changes of its former findings or orders relating thereto as in its opinion may be justified and on such review may make an award ending, diminishing, or increasing the compensation previously awarded subject to the maximum or minimum provided in the act. Choctaw Portland Cement Co. v. Lamb,

79 Okla. 109, 189 P. 750; Coalton Coal Co. v. Pulvirenti, 147 Okla. 205, 296 P. 415. Under these holdings, if the State Industrial Commission was mistaken or committed an error as to the extent of the injury in awarding compensation, upon a proper motion being filed to review on the ground of a change in conditions and as a result of the original injury since the former hearing, it may end, diminish, or increase the compensation previously awarded subject to the maximum or minimum provided in the act. In proceedings to review the findings of the State Industrial Commission, we cannot weigh conflicting evidence but only determine the issue, Is there any competent evidence to sustain the findings? If so, under the law, it is our duty to sustain the findings; if not, to vacate the same. We are therefore of the opinion that the original opinion as supplemented by the views herein expressed is in harmony with the well-settled rule of law relative to reviewing awards of the State Industrial Commission where there is any competent evidence to sustain the same, and that the petition for rehearing should be denied.

LESTER, C. J., and RILEY, HEFNER, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., not participating.