**BEDFORD-CARTHAGE STONE CO. et al. v. STATE INDUSTRIAL COM. et al.**

No. 17010—Opinion Filed Sept. 21, 1926.

**Master and Servant—Workmen's Compensation Law—Finality of Award After Time for Rehearing and Appeal Expires—Jurisdiction to Vacate or Modify.**

Where an award of compensaion for accidental injury is not questioned by application for rehearing filed within ten days, as provided by the rules of the Industrial Commission, nor by an action in the Supreme Court within 30 days, such award is final and conclusive upon all questions within the Industrial Commission's jurisdiction; and the Commission is without power or jurisdiction thereafter to vacate, modify, or change the award except upon the ground of a change in conditions.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Original proceeding by the Bedford-Carthage Stone Company et al. for the review of an award of the State Industrial Commission to Roy Martin Henbest. Reversed, and remanded, with directions.

Remington Rogers (P. N. Landa, of counsel), for petitioners.

George F. Short, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for respondent.

Opinion by RAY, C. Claimant, in the course of his employment, sustained an accidental injury by a piece of steel striking and entering the right eye, which destroyed the vision for all practical purposes; but, with the use of glasses, furnished by the employer and insurance carrier, the vision was rendered normal and the claimant returned to his employment at the same wages. The Industrial Commission awarded compensation for the time lost as for a temporary total disability. No action was commenced in this court to review the award, and no application or motion for a rehearing was filed within ten days from the date of the award, as prescribed by the rules of the Industrial Commission.

Rule 30 of the Commission provides for a rehearing before the Commission upon certain grounds therein stated, when the application for such rehearing is made within ten days from the date of the award. The award was made March 21, 1925. June 8th a motion for rehearing was filed by the claimant, and October 9th an amended motion for rehearing was filed, attached to which were two letters signed by attorneys for claimant addressed to the Industrial Commission, complaining of the order, one bearing date of April 8th, and the other April 18, 1925.

October 31, 1925, the Industrial Commission entered the following order:

"Now on this 31st day of October, 1925, the State Industrial Commission being regularly in session, this cause comes on to be considered on motion of claimant to vacate the order heretofore made and entered in this cause on the 24th day of March, 1925, and for a rehearing; and the Commission, having considered said motion, the answer of the respondent and insurance carrier, and having examined all records on file in this cause, finds upon consideration thereof:

"(1) That as a result of the accidental injury sustained by claimant while in the course of employment with respondent, and arising out of same on the 14th day of July, 1924, claimant sustained an injury to his right eye when a piece of steel struck against and entered the said eye, resulting in traumatic cataract, which injury and cataract had destroyed the vision of claimant's right eye, and that such loss of vision is permanent; that with the use of glasses furnished by respondent and insurance carrier the vision of said eye is normal.

"(2) That claimant's average wages at the time of his injury were $7 per day.

"The Commission is of the opinion: By reason of the aforesaid facts, that, under the rule announced by the Supreme Court of Oklahoma in the case of Marland Refining Co. et al. v. Colbaugh et al., 110 Okla. 238, 238 Pac. 831, claimant is entitled to compensation for a period of 100 weeks, less any sums heretofore made and entered in this cause on the 21st day of March, 1925, should be vacated, set aside, and held for naught.

"It Is Therefore Ordered: That the order heretofore made and entered in this cause on the 21st day of March, 1925, be and the same is hereby vacated and set aside, and that within ten days from this date the respondent or insurance carrier pay to the claimant $1,206, less any sums heretofore paid as compensation, the same being compensation at the rate of $18 per week from July 19, 1924, to October 31, 1925, and continue to pay the claimant compensation at the rate of $18 per week until compensation for a total period of 100 weeks shall have been paid."

This action was commenced by the employer and insurance carrier to review the new award of October 31st, upon the ground that the Industrial Commission was without power and jurisdiction to change the original award.

It is apparent that the Commission did not retain or acquire jurisdiction to make the order of October 31st by virtue of the claimant's motion for rehearing, for the reason that it was not filed until more than 30 days after the award was made, nor within the time prescribed by the rules of the Commission.

The new award was not made under section 7296, C. S. 1921, which authorizes the Commission upon its own motion, or on the application of any party in interest, to change, modify or end the previous award on the ground of a change in conditions. No new evidence was taken or considered. The new award was made upon the same evidence and the same findings of fact as the original award. In the first award the Commission concluded, as a matter of law, that since the vision was restored to normal by the use of glasses, the claimant had suffered a total temporary disability, and made the award accordingly. In making the new award the Commission concluded as a matter of law, citing the Colbaugh Case as authority, that the injury may not be minimized by the use of artificial means, and made the award as for a permanent partial disability.

It was held in Tidal Refining Co. v. Tivis, 91 Okla. 189, 217 Pac. 163, that a decision of this court, declaring the law to be different from that applied by the Commission, in making an award, rendered subsequent to

such award, did not constitute such a change in conditions as contemplated by section 7296. It is contended by claimant, however, that by section 7325, as amended by section 13, chap. 61, Session Laws 1923, a continuing power and jurisdiction is conferred upon the Commission in all cases to change or modify its former orders and awards. The amended section reads:

"7325. The power and jurisdiction of the Commission over each case shall be continuing, and it may, from time to time, make such modifications or changes with respect to former findings or orders relating thereto, if, in its opinion, it may be justified, including the right to require physical examinations as provided for in section 7293, and subject to the same penalties for refusal; provided, that upon petition filed by the employer or insurance carrier, and the injured employee, the Commission shall acquire jurisdiction to consider the proposition of whether or not a final settlement may be had between the parties presenting such petition. The Commission is authorized and empowered to have a full hearing on the petition, and to take testimony of physicians and others relating to the permanency or probable permanency of the injury, and to take such other testimony relevant to the subject-matter of such petition as the Commission may require. The Commission shall have authority to consider such petition, and to dismiss the same without a hearing, if in its judgment the same should not be set for hearing; the expenses of such hearing or investigation, including necessary medical examinations, shall be paid by the employer or insurance carrier, and such expenses may be included in the final award. If the Commission decides it is for the best interest of both parties to said petition that a final award be made, a decision shall be rendered accordingly, and the Commission may make an award that shall be final as to the rights of all parties to said petition, and thereafter the Commission shall not have jurisdiction over any claim for the same injury or any results arising from same. If the Commission shall decide the case should not be finally settled at the time of the hearing, the petition shall be dismissed without prejudice to either party, and the Commission shall have the same jurisdiction over the matter as if said petition had not been filed. The same rights of appeal shall exist from the decision rendered under such petition as is provided for appeals in other cases before the Commission; provided, there shall be no appeal allowed from an order of the Commission dismissing such petition as provided in this section."

The amendment consists of the proviso. Except for the proviso the original section is unchanged.

If there were no other sections touching upon the question of jurisdiction of the Commission, the contention might be sustained; but such interpretation would make nugatory section 7297, which provides that the award or decision of the Commission shall be final and conclusive upon all questions within its jurisdiction between the parties, unless within 30 days after a copy of such award or decision has been sent to the parties an action is commenced in the Supreme Court of the state to review the award or decision. When sections 7235, 7296, 7297, and 7325 are considered together, it must be held, we think, that it was the legislative intent that the Commission have a continuing power and jurisdiction to review its award on the ground of a change in conditions only, and, except for a change in conditions, the award is final and conclusive upon all questions within its jurisdiction unless suit is commenced in this court within 30 days to review the award or decisions.

Some contention is made that by a letter written by the attorneys for the employer addressed to the Industrial Commission, citing authorities in opposition to the rehearing, and treated by the Commission as an answer, the employer submitted the question on its merits, and thereby waived the question of jurisdiction of the Commission to make the new award. No authorities are cited to the effect that jurisdiction may be conferred by agreement of the parties, and we know of none.

For the reasons stated, the case is remanded to the Industrial Commission, with directions to vacate and set aside the decision and award of October 31, 1925.

By the Court: It is so ordered.

Note.—See C. J. p. 132, § 151; anno. L. R. A. 1916A, pp. 163, 266; L. R. A. 1917D, 186 et seq.; 28 R. C. L. p. 828; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. p. 1580.