## MARLAND PRODUCTION CO. et al. v. HOGAN et al.

No. 21280. Opinion Filed Oct. 28, 1930.

Rehearing Denied Dec. 23, 1930.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

Leo J. Williams, M. J. Parmenter, and J. Berry King, Atty. Gen., for respondents.

HEFNER, J. This is an original proceeding in this court to review an award of the Industrial Commission made on the first day of April, 1930, wherein the Commission found that Julius Hogan had sustained an accidental personal injury, injuring the cervical region of the spine and causing total loss of vision of the right eye and 80 per cent. loss of vision of the left eye and awarded him compensation for 500 weeks.

The claimant was injured on June 15, 1929; on the 11th day of July, 1929, he entered into a stipulation and receipt known as form 7, wherein he stipulated as to the facts and agreed to take the sum of $9 compensation for his injuries. On September 3, 1929, he filed a motion to take further testimony and award further compensation.

Under section 7294, C. O. S. 1921, the claimant and employer may enter into an agreement as to the facts relating to the injury and compensation claimed and in the absence of fraud it shall be binding on the parties. There is no claim that there was any fraud practiced on the claimant in obtaining the stipulation and receipt.

The receipt above referred to was executed in conformity with the statute and was filed with the Commission. No notice of disapproval was given by the Commission and under rule 31 of the Commission, in the absence of notice of the Commission's disapproval within five days after filing of the stipulation and receipt, the same shall be considered approved.

It is the contention that form 7, when filed and approved by the Commission, or when filed and no notice is given of the Commission's disapproval within ten days from the filing thereof, has the same force and effect as an order or award of the Commission and can only be set aside and further compensation awarded after the 30-day period for review has expired on the ground of a change of condition. This court has held that an agreement by the employer and employee as to the facts with relation to the injury and approved by the Commission under section 7294, C. O. S. 1921, under which agreement the employee has received a reasonable sum, is not a release of liability for the injury sustained, but is the basis of the award of the Commission. The respondent in his brief admits that this is the law, as announced by the court in several adjudications.

The petitioners challenge the jurisdiction of the Commission to reopen the case. In reference to its jurisdiction in this particular, sections 7296, 7297, and 7325, in part, provide:

"7296. Review of Awards. Upon its own motion or upon the application of any party in interest, on the ground of a change in conditions, the Commission may at any time review any award, and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this act.

"7297. Appeal to Supreme Court—Requirements. The award or decision of the Commission shall be final and conclusive upon all questions within its jurisdiction between the parties, unless within 30 days after a copy of such award or decision has been sent by said Commission to the parties affected, an action is commenced in the Supreme Court of the state to review such award or decision.

"7325. Amendment of Orders—Continuing Jurisdiction. The power and jurisdiction of the Commission over each case shall be con-

tinuing and it may from time to time make such modifications or changes with respect to former findings or orders, relating thereto, as, in its opinion, may be justified."

In reference to these three sections this court in the case of Bedford-Carthage Stone Co. v. Industrial Commission of Oklahoma, 119 Okla. 231, 249 Pac. 706, said:

"When sections 7296, 7297, and 7325 are considered together, it must be held, we think, that it was the legislative intent that the Commission have a continuing power and jurisdiction to review its award on the ground of a change in conditions only, and, except for a change in conditions, the award is final and conclusive upon all questions within its jurisdiction unless suit is commenced in this court within 30 days to review the award or decision."

The respondents and the State Industrial Commission contend that the evidence shows a change in condition. The statute providing that the Commission may review an award at any time on the ground of change in condition should be liberally construed in the interest of the employee, and authorizes the Commission to take into consideration all of the conditions which may in any way have a direct bearing on the rights of the injured employee.

By reference to the case of United States Fidelity & Guaranty Co. v. State Industrial Commission, 115 Okla. 273, 244 Pac. 432, it will been seen that the Commission found that the claimant was injured while in the employ of the petitioners, and in the course of his employment, but refused to make any award because the claimant had lost no time and was still receiving the same wages from his employer that he received prior to receiving the injury complained of, and thereafter the claimant was discharged and the injury sustained was shown to still exist, which incapacitated the claimant. It was held that the Commission should take into consideration the fact that the claimant had been discharged, in determining whether or not an award should be made on a review of the former hearing. In that case the petitioners contended that there was no proof of any change in condition that would justify the Commission to make any change or review of the award theretofore made. The Commission had made an award of $18 per week for a period of 54 weeks, and this court held that the law should be construed fairly and liberally in favor of the workman, and following that rule the award was affirmed.

The evidence in the case at bar shows that about a month after the respondent received the injury and after the settlement had been made, he was discharged because of the condition of his eyes. The evidence discloses that he was blind in one eye and 80 per cent. of the vision lost in the other and that before the accident his eyesight was good. The first award, of course, was on the theory that the injury was temporary. At a later hearing it was shown that it was a permanent injury. We think this record was sufficient to justify the Commission in reopening the cause and awarding further compensation on the ground that there was a change in condition.

The Commission found that the claimant sustained a total loss of sight in the right eye, 80 per cent. loss of sight of his left eye, and injury to the cervical region of the spine, and 40 to 50 per cent. impairment of hearing, and further found that the claimant was totally and permanently disabled thereby. The respondent contends that there is no competent evidence to support the findings of the Commission. The question of whether or not the claimant's condition is due to the injury of which he complains and whether or not the injuries are permanent are questions of fact, and the finding of the Industrial Commission will not be disturbed by this court if there is any competent evidence to support it.

An examination of the record will disclose that there is competent evidence tending to support the findings of the Commission. Several years prior to the accident the respondent had been a regular employee and there had been no trouble about his work. Thereafter he was incapacitated to do oil field work. There is competent evidence tending to support the findings of the Commission.

It is difficult to make any set rules that apply to every case. Each individual case must be determined upon its own peculiar facts and circumstances. The law must be given a liberal construction in order that it may serve its purpose. We think, under all the facts of this case, the petition to vacate the award should be denied.

MASON, C. J., and CLARK, CULLISON, SWINDALL, and ANDREWS, JJ., concur. LESTER, V. C. J., and RILEY and HUNT, JJ., absent.