## PRAIRIE PIPE LINE CO. v. BAILEY et al.

No. 21654. Opinion Filed July 21, 1931. Rehearing Denied Oct. 13, 1931.

T. J. Flannelly, Paul B. Mason, and Burford, Miley, Hoffman & Burford, for petitioner.

Chas. B. Hickok, for respondent.

KORNEGAY, J. This is an original proceeding instituted by the Prairie Pipe Line Company, its own carrier, to review an award of the Industrial Commission made by the State Commission on the 4th day of August, 1930, and which award is as follows:

"1. That on the 13th of June, 1929, claimant, Alton Bailey, was in the employment of said respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date said claimant sustained an accidental injury, arising out of and in the course of his employment, by receiving a fractured bone in heel of right foot.

"2. That the claimant's average daily wage at the time of the accident was $4 per day.

"3. That claimant was paid compensation from the date of the accident on June 13 to July 16; he then went to work and was paid compensation from August 10 to October 4; he then returned to work and received full salary from October 4 to November 16; he was then paid compensation from November 16 to February 3; with the exception of two weeks, which was tendered by the respondent and insurance carrier; he then went back to work on full salary February 3 to June 6, at which time he voluntarily quit work. That by reason of said accidental injury the claimant has suffered a 20 per cent. partial permanent loss of the use of the left foot.

"In consideration of the foregoing facts, the Commission is of the opinion that the claimant is entitled to the two weeks' temporary total tendered in open court, or $30.78, and the Commission is further of the opinion that claimant is entitled to the sum of $461.70, for 20 per cent. permanent partial loss of the left foot, or 30 weeks' compensation at the rate of $15.39 per week.

"It is therefore ordered: That within ten days, the respondent, or insurance carrier, pay to the claimant the sum of $461.70 for the 20 per cent. permanent partial loss of the use of the left foot, or 30 weeks' compensation at the rate of $15.39 per week.

"It is further ordered; That within 30 days from this date, the respondent file with the Commission proper receipt or other report evidencing compliance with the terms of this order."

On November 4, 1930, an order was entered correcting certain discrepancies in the original award (T. 50). The right foot was intended instead of the left.

The matter has been briefed by the Prairie Pipe Line Company, and also by the claimant. The ground upon which the request is made to this court to review this award is that the 20 per cent. disability, found by the Commission, is not supported by sufficient competent evidence. The position is taken that when the doctors who examined the claimant passed their opinions upon the proposition of the disability to his foot, one of whom made the disability 12 per cent., and another made it 10 per cent., while the claimant himself made it one-half, the above award was not justified, and that we should set it aside.

A great many doctors know a good deal more than a great many other doctors, and the average medical practitioner, who makes prescriptions, does not trust himself to perform a surgical operation of any importance, but the actual technique of operations is handled by a very small percentage of those who are engaged in looking after human health.

At the present time, the Commission has on it members of wide experience. They examined the claimant. They saw him move. They heard his story. He, above all men, would know more about how he could use that right foot than anyone else. His estimation may have been a little large, but he was with the foot all of the time, and used the foot, and, after making due allowance for the testimony of experts, and the claimant himself, and taking into account the testimony about the accident, and its effect on claimant, detailed in the record, and using their own observation and long experience, the Commission made an estimate of 20 per cent. disability, and put that estimate into the form of a finding.

The petitioner desires us to substitute our judgment in the place of the judgment of the Commission under those conditions. We ought not to do so, as long as there is competent evidence to sustain the award. We think there was, and therefore hold that the award should be allowed to stand, and it is so ordered.

It appears that a supersedeas bond was given. The cause is therefore remanded to the Industrial Commission, with directions to carry out its award and enforce the obligations of the supersedeas bond.

LESTER, C. J., CLARK, V. C. J., and HEFNER, SWINDALL, ANDREWS, and McNEILL, JJ., concur. RILEY, J., dissents. CULLISON, J., absent.