## LOFFLAND BROS. CO. et al. v. VELVIN.

No. 22038.   Opinion Filed Oct. 6, 1931.

84

Clayton B. Pierce and Truman B. Rucker, for petitioners.

Leo J. Williams and M. J. Parmenter, for respondent.

SWINDALL, J. The respondent, F. E. Velvin, sustained an accidental personal injury on July 9, 1929, while in the employment of Loffland Brothers Company, and while cutting the head out of a barrel a piece of steel struck him in the left eye, penetrating about three-fourths of the way into the cornea. He was examined and given treatment by Dr. W. L. Knight at Wewoka, and sent to Dr. Westfall at Oklahoma City, and later to Drs. Ferguson and Wails. On August 23, 1929, they reported to the insurance carrier that their examinations disclosed that there was a heavy yellow infiltration around the bottom of the wound showing violent infection. The anterior chamber of the eye was about one-half full of pus and he was having considerable pain and the eye was violently inflamed. He was put on intensive treatment in an effort to eliminate the infection in the cornea, and this continued until about the 9th day of August, 1929, when the ulcer ruptured through the front of the eye. The eye became fairly quiet after this and it seemed as though the inflammation might recede, leaving the patient his eyeball, although there was no sight in it. About August 20th this eye again ruptured through the ulcer letting considerable of the inside of the eye run out, leaving a small shrunken, painful, blind, irritable, damaged eye. So, the eye was removed by Drs. Ferguson and Wails, of Oklahoma City. On the 9th day of September, the State Industrial Commission, on application of the claimant for a partial lump sum settlement, allowed claimant at the rate of $18 per week for a period of 100 weeks for total loss of left eye and found that it would be to the interest of claimant and in the furtherance of justice to commute to lump sum 70 weeks' compensation of the 92 weeks' compensation remaining due, the present worth of which after deducting 3 per cent. compound discount is $1,119.56. No proceeding appears to have been commenced in this court to review that award. On August 21, 1930, F. E. Velvin, claimant and one of the respondents herein, and who will hereafter be referred to as the claimant, filed a motion to reopen cause and award additional compensation on the ground of a change in condition, in which he alleges that claimant sustained an accidental personal injury arising out of and in the course of his employment with the above-named respondent, referring to Loffland Brothers Company, one of the petitioners herein, at which time claimant received an injury to left eye, and that said injured eye was removed. Claimant states further that at this time he has a per cent. of loss of vision in his right eye due to a sympathetic irrita-

tion resulting from the injury above referred to.

Upon this motion being filed, notice was given and a hearing had on the 14th day of November, 1930, at which hearing testimony was introduced to show a change in condition. After hearing the evidence, the State Industrial Commission, on the 8th day of December, 1930, and having reviewed the testimony taken at said hearing and examined all records on file in the cause, found that, arising out of and in the course of his said employment, claimant, on July 9, 1929, sustained an accidental personal injury by getting a foreign body in the left eye and thereby necessitating the removal of said eye, and that claimant has been heretofore paid compensation for 100 weeks for a total loss of said left eye, and that as a further result of said injury claimant has a 15 per cent. permanent disability to the right eye, same being due to a sympathetic condition of the right eye which has developed on account of the injury received to the left eye on July 9, 1929. Upon this finding of fact the Commission awarded the claimant compensation for a total period of 287½ weeks at the rate of $18 per week for the 57½ weeks' permanent total disability resulting from said injury in which claimant suffered a total loss of the left eye and 15 per cent. of the right eye, and ordered additional compensation paid at the rate of $18 per week computed from August 21, 1930, for a total period of 187½ weeks, said compensation to be in addition to the 100 weeks heretofore paid claimant for the loss of the left eye. To review this award Loffland Brothers Company and Lumbermen's Reciprocal Association, as petitioners, have filed a petition in this court with a transcript of the proceedings before the State Industrial Commission attached. They contend: (1) There is no evidence to support the order and award of the Industrial Commission. (a) There is no evidence that disability is permanent in character. (b) There is no evidence that disability was the result of the accidental injury. (2) There was no evidence, nor a finding of a change in condition, subsequent to the previous award. (a) There is no evidence that the disability is permanent in character.

There was testimony offered in support of the motion to review that he never had any trouble with either eye before this accident, and that he never had any injury to his right eye, that he took the navy examination in 1920 and enlisted that year and got out in 1924, and that he was examined for the marines in 1925, and passed each examination. Doctor Guthrie testified that the injury to the left eye would possibly affect the right eye, and further, in answer to the question, "Ruling out everything except the injury to the other eye with the excessive inflammation that followed the injury for several weeks, together with the claimant's history, what would you say as to what is causing this loss of vision?" he said, "Finding no other cause, I would necessarily have to attribute it to the injury of the other eye." The claimant testified that he had not received an accident since the injury to his eye, except he got a finger mashed and went to the doctor at once.

In the case of Cortex Drilling Co. v. Henning, 149 Okla. 72, 299 P. 214, this court said:

"We have set out the testimony somewhat at length, for the reason that petitioner boldly asserts that there is no competent evidence to support the finding of the Commission that claimant sustained a 15 per cent. loss of vision of his left eye.

"With this contention we cannot agree. To begin with, we have some evidence that prior to the injury claimant's vision was perfectly normal. We think that without this evidence the presumption would be that claimant's vision was normal. Certainly there is evidence that, after the injury, claimant's vision in the left eye was impaired at least 15 per cent. Then, how is the impaired vision to be accounted for? There is absolutely no evidence to show that it was caused by anything o'her than the hot water and steam which was blown into claimant's eye, or by sympathetic conditions resulting from the admitted traumatic condition of the right eye caused by glass from the bursting gauge being blown into it, or both."

There is other evidence in the case tending to show that the injury to the right eye is due to a sympathetic condition resulting from the serious injury to and removal of the left eye. There is also some evidence in the record that the 15 per cent. loss of vision in the right eye is permanent.

It is a well-settled rule of this court that the findings of the State Industrial Commission on questions of fact are conclusive and binding upon this court in a proceeding to review an award, where there is any competent evidence reasonably supporting the same.

Relative to the second proposition, that there was no evidence nor a finding of a change in condition subsequent to the previous award, we will say that we do not think this contention can be sustained. A written motion was filed to review the case on the ground of a change in condition, and the Commission found that, "as a fur-

ther result of said injury, claimant now has a 15 per cent. permanent disability to the right eye, same being due to a sympathetic condition of the right eye which has developed on account of the injury received to the left eye on July 9, 1929." While the Commission did not use the words that there had been a change in condition, and that the same resulted from the original injury, we think the finding made is the same as though it had used the language of the statute.

Section 803, C. O. S. 1921, requires that:

"A syllabus of the points of law decided in any case in the Supreme Court shall be stated, in writing, by the justice delivering the opinion of the court, and filed with the papers of the case, which shall be confined to points of law arising from the facts in the case that have been determined by the court; and the syllabus shall be submitted to the justices concurring therein, for revisal before filing thereof, and it shall be filed with the papers, without alteration, unless by consent of the justices concurring therein; and a copy of such syllabus shall, in all cases, be sent to the court below, by the Clerk of the Supreme Court with the mandate provided for by section 801."

So, it will be seen that the syllabus of the points of law decided in any case shall be confined to the points of law arising from the facts in the case that have been determined by the court. If the facts are different, then, as a matter of fact, the points of law will be different, so when counsel simply cite the syllabus in a given case, what appears to be a conflict in the decisions may not be a conflict at all when the facts are examined.

It is not easy nor necessary in each case to give a comprehensive definition of the words, "arising out of and in the course of his employment," which would accurately include all cases embraced within the act and with precision exclude those without its terms. It is sufficient to say that an injury is received in the course of the employment when it comes while the workman is doing the duty which he is employed to perform. It arises out of the employment when there is apparent to the rational mind, upon consideration of all of the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury; there is a "change in the conditions" when there is a change in the condition of the claimant by reason of his condition improving or growing worse or complications developing after a hearing to determine liability which could not have been and were not determined in the first instance, or after a subsequent

hearing to increase or diminish the award, or to change the findings and orders theretofore made in said cause, and it is apparent to the rational mind that there has been a change in the condition of claimant after the last hearing and as a result of the original hearing.

In Choctaw Portland Cement Co. v. Lamb, 79 Okla. 109, 189 P. 750, we find this very appropriate language:

"It is a well-known fact that the nature and probable effect of an injury, in many cases, cannot immediately be determined by the most proficient physicians or surgeons, and we are confident that the Legislature had this fact in mind when it provided in section 14. art. 4, for subsequent physical examinations, and conferred jurisdiction on the Commission to modify or change its former findings or orders. The provision thus serves as a protection both to the employer and employee, and enables the Commission to change its findings and orders to effectuate justice where the amount previously awarded was either too large or too small, or where the Commission had previously erred in fixing the compensation through mistake or because of fraud practiced upon it."

This court in K. D. Oil Co. v. Datel, 145 Okla. 264, 292 P. 564, commented on the cases relative to the continuing jurisdiction of the State Industrial Commission to review its former orders.

In Coalton Coal Co. v. Pulvirenti, 147 Okla. 205, 296 P. 415, this court held:

"The power and jurisdiction of the State Industrial Commission under the Workmen's Compensation Law (section 7325, C. O. S. 1921, as amended by section 13. ch. 61, Session Laws 1923), over each case submitted to it are continuing, and the Commission may from time to time make such modification or change of its former findings or orders relating thereto as in its opinion may be just, and under section 7296, C. O. S. 1921, the Commission may at any time upon its own motion or upon the application of any party in interest on the ground of a change in conditions, review any award and. on such review, may make an award ending, diminishing, or increasing the compensation previously awarded. subject to the maximum or minimum provided in the act." Citing with approval Choctaw Portland Cement Co. v. Lamb, supra.)

This is in harmony with the views expressed in the Choctaw Portland Cement Company Case that the Commission may change its findings and orders to effect justice where the amount previously awarded was either too large or too small, or where the Commission had previously erred in fixing the compensation through mistake or because of fraud practiced upon it. The

words, "in the absence of fraud practiced upon it," are in section 7294, and relate to cases submitted on an agreed statement of fact.

In White Oak Refining Co. v. Whitehead, 149 Okla. 297, 298 P. 611, we reviewed the former decisions of this court and attempted to point out that section 7325, preceding the proviso, means that the jurisdiction of the State Industrial Commission over every case is continuing and that it may from time to time make such modifications or changes with respect to former findings and orders relating thereto as, in its opinion, may be justified, and that the procedure for so doing is found in section 7296, C. O. S. 1921, which provides that it may act upon its own motion or upon the motion of any party in interest. We think this is the correct construction of these two sections of the Code. Section 7315, C. O. S. 1921, provides that the Commission shall be in continuous session and open for transaction of business during all business hours of every day except Sunday and legal holidays. Section 3072, C. O. S. 1921, with the amendments thereto, fixes the time of convening the regular terms of the district court in each county in the several judicial districts of the state, and the judges of the district courts have power to hold court a day or more and to recess their courts or adjourn to a day certain during the term, or to hold court during the entire term. Section 810, C. O. S. 1921, provides that the district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgments or orders are made, and sets forth the statutory grounds upon which its orders may be reviewed. While the district court has the power and jurisdiction to review its judgments or orders under section 810, the procedure for vacating or modifying its judgments or orders at or after the term at which such judgments or orders were made is prescribed by sections 811 and 812, and other sections of the Code. However, the district court does not have jurisdiction to vacate or modify its judgments or orders unless the machinery is set in operation by the procedure prescribed by the Legislature for that purpose, and within the time fixed by law, and, in our opinion, while section 7325, as amended by section 13, ch. 61, Session Laws 1923, preceding the proviso, gives the State Industrial Commission continuing jurisdiction over each case, that its jurisdiction may be invoked by the procedure prescribed by section 7296, without requiring the claimant, employer, or Commission to resort to the technical procedure prescribed for proceedings in the district court, and

that is, upon its own motion or upon the application of any party in interest on the ground of a change in conditions, the Commission may at any time review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in this act; they also have jurisdiction under section 7294 to review a cause submitted to them on an agreed statement of facts where fraud is practiced upon them by either party to the agreed statement. While, under that portion of section 7325, C. O. S. 1921, as amended by section 13, ch. 61, Session Laws 1923, the power and jurisdiction of the State Industrial Commission over each case is continuing, and it may from time to time make such modification or change with respect to former findings, or orders relating thereto, as in its opinion may be justified, however, the State Industrial Commission is a mere instrument of the law, and can will nothing. When it exercises a discretion in modifying or changing its former orders, as in its opinion may be justified, it is a mere legal discretion, a discretion to be exercised in discerning the course prescribed by law, and when that is discerned it is the duty of the Commission to follow it. Judicial power is never exercised for the purpose of giving effect to the will of the judge; always for the purpose of giving effect to the will of the Legislature, or, in other words, to the will of the law. Osborn v. U. S. Bank, 9 Wheat. (U. S.) 738; Vickers v. Philip Carey Co., 49 Okla. 231, 151 P. 1023.

So, upon a careful analysis of the decisions, we do not think there is any material conflict in the rule announced in the several cases. Assume that the Industrial Commission in this case was mistaken when it found from the evidence that the claimant had 15 per cent. permanent disability to the right eye, same being due to sympathetic conditions of the right eye which had developed on account of the injury received to the left eye, and it should later develop that the 15 per cent. disability to the right eye was only temporary and the claimant should recover the use of the right eye, then the petitioner and the insurance carrier could file a motion before the State Industrial Commission to review on the ground of a change in conditions and show that the claimant has fully recovered; on the other hand, if the condition of the eye should grow worse and later the claimant had a total loss of vision in the right eye, and the evidence showed that it was the result of the original accidental injury to the left eye, then there would be a change

in conditions, because tht eye had grown worse, and the award should be increased for the reason the same was too small.

Under the former holdings of this court herein cited and approved, we see no good reason for so much confusion in regard to what is meant by a change in conditions. If the Industrial Commission upon competent evidence finds that there has been an accidental personal injury arising out of and in the course of an employment coming under the Workmen's Compensation Law and then makes an award, this determines the status of the claimant and becomes final and conclusive unless proceedings are commenced in this court within 30 days after notice of the award to review same. Or, suppose there has been an accidental personal injury to an employee arising out of and in the course of the employment and that its duration does not exceed the 5-day waiting period, and for that reason the Commission does not make an award of compensation, but does make a finding upon the evidence that the claimant sustained an accidental personal injury arising out of and in the course of the employment, and no petition is filed to review, and afterwards a motion is filed to reopen the case on the ground of a change in condition, and the Commission finds from the evidence that there has been a change in the condition, and that the same was the result of the original accidental injury caused by complications which have since the hearing arisen, and that blood poison has developed and the claimant at that time has a temporary total disability and such finding on the motion is sustained by competent evidence, then the claimant would be entitled to recover compensation on the ground of a change in condition; or, say that the Commission had awarded three weeks' temporary total disability and the fact should develop that the claimant was not cured in three weeks, but was ill and unable to perform work at the end of six weeks, then the Commission on the grounds of a change in condition would be authorized to increase the temporary total disability because the same was too small, and if it had awarded six weeks' temporary total disability and after the hearing it developed that the claimant was able to return to work in three weeks, they could reduce the compensation awarded for temporary total disability to three weeks on the ground of a change in condition. These changes in the findings, orders, or award may be made when there is a change in the condition of claimant

after a former hearing, for the reason that, as stated in the Choctaw Portland Cement Company Case, supra, "it is a well-known fact that the nature and probable effect of an injury, in many cases, cannot immediately be determined by the most proficient physicians or surgeons," and for that reason the Commission may commit error or make a mistake in fixing the compensation and as a result of such error or mistake its award may be too large or too small and an injustice to the employer or employee follow, so the Legislature provided in the law for a review on the grounds of a change in conditions, after the findings, orders, or award were made, and also provided in section 7294 for Commission vacating an award induced by fraud practiced upon it. This is not true relative to a finding that the accidental personal injury did not arise out of and in the course of the employment or did not arise out of the employment, as this fact may be determined at the first hearing, and when determined by the Commission it becomes final and conclusive, unless a proceeding to review is commenced in this court within the time and manner provided by law. No such review shall affect award as regards any money already paid, but the Commission should not order a lump sum settlement unless it is reasonably certain that the condition of claimant will not improve.

We have gone into this question more at length than we deem necessary, but, owing to the fact that the question seems to be still causing confusion, we desire to be fully understood, so we have elaborated upon the former decisions in an effort to clarify them if there appear to be any conflicts.

We have carefully reviewed the record in this case, and for the reasons above given, we are of the opinion that there is some competent evidence to sustain the findings of the State Industrial Commission, and this being true, we are bound by the findings made by the Commission..

The judgment of the State Industrial Commission is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.