## MAGNOLIA PETROLEUM CO. v. ROBISON, Adm'x.

No. 22782. Opinion Filed Feb. 2, 1932.

Blakeney & Ambrister, for plaintiff in error.

T. G. Chambers, Jr., Ben C. Arnold, and Tom Cheatwood, for defendant in error.

LESTER, C. J. This is an appeal from the district court of Oklahoma county. The parties herein have signed and filed the following stipulation and confession of error:

"Come now the Magnolia Petroleum Company, plaintiff in error, and Lucie Robison, administratrix of the estate of Robert R. Robison, deceased, and by and through her attorneys, T. G. Chambers, Jr., and Ben Arnold, and show to this court that the above-entitled cause was filed herein and is now pending in this court, and that among other things the plaintiff in error asks that this court reverse the action of the trial court and grant a new trial, among other assignments of error as follows:

"(1) The said court erred in overruling motion for new trial filed by plaintiff in error.

"(2) The verdict of the jury is not sustained by sufficient evidence.

"The defendant in error, by and through its attorneys herein, confesses that there was error in the action of the trial court in overruling the motion for new trial filed by the plaintiff in error for the reason that the verdict is not sustained by sufficient evidence, and hereby agrees that this court may enter an order herein reversing the action of the trial court upon the grounds and for the reasons that the verdict of the jury and the judgment rendered thereon is not sustained by sufficient evidence.

"The parties hereto agree that upon confession of error the action of the trial court may be reversed and the cause returned to the trial court for further action.

"Dated this 28th day of January, 1932."

Where counsel file in this court a confession of error, the court may in its discretion remand said cause by reason of said confession of error where it does not appear an injustice may be done.

An examination of the record in this case does not disclose that any harm may result by reason of remanding said cause for a new trial; and the court, therefore, reverses the judgment of the district court, with directions to vacate its former judgment and grant a new trial.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.