## BROWN BROS. et al. v. PARKS et al.

No. 22708. Opinion Filed Feb. 2, 1932.

Jas. C. Cheek, for petitioners.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., and R. D. Howe, for respondents.

SWINDALL, J. On February 25, 1928, Charley Parks, as claimant, filed before the State Industrial Commission employee's first notice of injury and claim for compensation against Brown Brothers, respondent, and Employers Casualty Company, insurance carrier, in which he alleges that claimant was night-watchman for Brown Brothers, engaged in the operation of a cotton gin, and that he received an accidental personal injury October 10, 1927. On April 11, 1928, the respondent and insurance carrier filed a motion to determine disability in which they stated:

"That the claimant was injured on October 10, 1927; that his wages were $3 per day; that they have paid the claimant compensation for a period of 28 weeks to and including the 20th day of March, 1928, at the rate of $11.54 per week; that the claimant claims to be still disabled as a result of said accident, which claim is by the respondent and insurance carrier denied; that the claimant refused to execute the receipts as prescribed by rule of the Industrial Commission; that the respondent and its insurance carrier have fully complied with their obligations under the Workmen's Compensation Law.

"Wherefore, the movants pray that the claimant be required to prove and show his right to further compensation, and in the event of his failure so to do an order be entered relieving respondent and its insurance carrier from further liability in this claim."

On the same date the Commission made an order that the claimant should submit to a medical examination to determine his present condition as a result of an injury received on the 10th day of October, 1927, at which examination employee, respondent and insurance carrier shall upon notice to the examining physician be entitled to have present a physician or physicians of their own selection. The order further directed that the claimant appear before Dr. C. J. Fishman. On September 8, 1928, the Commission gave notice to all parties of hearing to be held on September 19, 1928, on motion of respondent and insurance carrier to determine extent of disability, the hearing to be conducted by L. B. Kyle, Chairman of the State Industrial Commission. On that date testimony was taken at McAlester, Okla., and on October 19, 1928, pursuant to notice, further testimony was taken at Muskogee, Okla., and depositions were taken and offered in evidence. On January 5, 1929, the State Industrial Commission after reviewing the testimony taken at the hearings found:

"(1) That on and prior to October 10, 1927, claimant was in the employment of Brown Brothers and engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Law.

"(2) That in the course of and arising out of his employment claimant, on October 10, 1927, sustained an accidental personal injury, which resulted in a temporary total disability, for which claimant has been paid compensation in full.

"The Commission further finds:

"(3) That no permanent disability resulted from said injury, and that claimant's present disability is the result of epilepsy, not resulting from nor aggravated by the aforesaid injury.

"The Commission is therefore of the opinion: That the payment of compensation heretofore made claimant should be approved, and further compensation denied.

"It is therefore ordered: That the claim of Charley Parks for further compensation

for an injury sustained on September 10, 1927, be and the same is hereby denied, and this case closed."

No proceedings were had to review this finding and order. On May 7, 1931, the claimant filed petition to reopen case and review award. Upon this petition or motion testimony was taken, and on August 3, 1931, the State Industrial Commission made and entered the following findings of facts:

"(1) That, on and prior to October 10, 1927, claimant, Charley Parks, was in the employment of respondent, Brown Brothers, and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law.

"(2) That arising out of and in the course of such employment with respondent herein, claimant sustained an accidental personal injury on October 10, 1927; that claimant is permanently and totally disabled, and that said permanent total disability is a result of injuries sustained in the course of his employment on the 10th day of October, 1927.

"(3) That the claimant was paid compensation for temporary total disability and the case closed.

"(4) That the average wage of claimant at the time of said accident was $3 per day.

"(5) That the claimant filed his motion to reopen said cause to a changed condition, with the Commission May 7, 1931, and upon hearing of the same, the Commission finds he is permanently and totally disabled."

And made an award for compensation at the rate of $11.54 per week for a period of 500 weeks, less the compensation previously paid.

It will be noted that the Commission did not find as a fact that there has been any change in the condition of claimant since the date of the findings of the Commission on January 5, 1929, but simply found that "he is permanently and totally disabled." We have carefully examined the record and are of the opinion that the Commission would not have been justified under the condition of the record in finding as a matter of fact that there had been a change in the condition of claimant since the hearing of the Commission on January 5, 1929, and as a result of the original injury. At the hearing on January 5, 1929, the principal issue was whether or not the epilepsy from which the claimant was suffering was caused or aggravated by the accidental injury of October 10, 1927, or whether it existed for many years prior to the accidental injury and was not aggravated by the injury. Upon this issue each party offered evidence and had full and complete hearing and upon the conclusion of that hearing the State Industrial Commission found that no permanent disability resulted from said injury, and that claimant's present disability is the result of epilepsy, not resulting from or aggravated by the aforesaid injury. That finding was not reviewed and no proceedings to review the same were commenced in this court within the time provided by law to review the same. Such finding is therefore final and conclusive and is binding upon the Commission, and upon this court, unless and until there is some competent evidence offered to establish a change in the condition of claimant resulting from the original injury and occurring since the last order of the Commission fixing the status of the claim. There is competent evidence that the condition of claimant has grown worse on account of epilepsy, but the findings of the Commission that the epilepsy of claimant was not caused or aggravated by the injury is conclusive. This is the well established rule of this court. Marland Production Co. v. Hogan, 146 Okla. 220, 294 P. 115; Roxana Petroleum Corporation v. Hornberger, 150 Okla. 257, 1 P. (2d) 393; Southern Fuel Co. v. State Industrial Commission, 141 Okla. 27, 285 P. 35; Loffland Brothers Co. v. Velvin, 152 Okla. 83, 3 P. (2d) 855. In the Velvin Case we held that:

"There is a change in the conditions under section 7296, C. O. S. 1921, where there is a change in the condition of the claimant by reason of his condition improving or growing worse or complications developing after a hearing to determine liability, which could not have been and were not determined in the first instance, or after a subsequent hearing to increase or diminish the award, or to change the findings and orders theretofore made in said cause, and it is apparent to the rational mind that there has been a change in the condition of claimant after the last hearing and as a result of the original injury."

In American Oil & Refining Co. v. Kincannon, 154 Okla. 129, 3 P. (2d) 877, we held that:

"When the evidence wholly fails to show such change in condition and affirmatively shows no such change, in a proceeding for additional compensation commenced after such final determination of the former award in this court, the State Industrial Commission is without power or jurisdiction to allow or award additional compensation."

We adhere to that rule of law announced in these cases. There being no competent evidence to show a change in the condition of claimant since the findings and order of the Commission of January 5, 1929, was entered, the State Industrial Commission was without power and authority to make the award of August 3, 1931, and award compensation for total disability.

The award is therefore vacated and set aside.

LESTER, C. J., and RILEY, HEFNER, CULLISON, ANDREWS, and McNEILL, JJ., concur. CLARK, V. C. J., and KORNEGAY, J., dissent.

Note.—See under (1), (2), 28 R. C. L. 823; R. C. L. Perm. Supp. p. 6247.