ANDERSON-PRICHARD OIL CO. et al. v. SMITH et al.

No. 23373. Opinion Filed Dec. 13, 1932.

Clayton B. Pierce and Fred M. Mock, for petitioners.

Cooke & Jackson, G. G. McBride, A. L. Jeffrey, J. Berry King, Atty. Gen., and R. D. Crowe, Asst. Atty. Gen., for respondents.

HEFNER, J. This is an original proceeding in this court by Anderson-Prichard Oil Company and the Aetna Life Insurance Company to review an order of the industrial Commission awarding compensation to Louie Smith.

It appears that, on April 13, 1931, claimant received an injury to his eyes from gas fumes while engaged in cleaning a gasoline and oil tank belonging to petitioner Anderson-Prichard Company. His eyes were treated by Dr. Westfall for several days, and he was then discharged as permanently cured. A settlement was entered into between petitioners and claimant, whereby claimant received $3 as compensation for temporary disability. This settlement was approved by the Commission on May 20, 1931. On May 28, 1931, claimant filed a motion to reopen the case on the ground of change in condition. The Commission found that there was a change in condition, and that at the time of the hearing claimant had a 20 per cent. permanent partial loss of the vision of both eyes, as a result of the injury; and awarded him compensation accordingly.

Petitioners bring the case here for review, and, as their only ground for reversal, say:

"There is no competent evidence in the record from which the Commission could determine that the defective condition of the eyes was in any manner attributable to the injury received by the claimant while he was employed by petitioner Anderson-Prichard Oil Company, and where there is no competent evidence to support the finding of the Commission, such finding may be reviewed as a matter of law, and the award based thereon reversed."

Claimant testified that the condition of his eyes grew worse subsequent to the prior award, and he could not see so well as on the date of that award. Dr. Guthrie testified that he had examined claimant, and that he had sustained a 20 per cent. loss of vision of both eyes, and, from the history given him, no other cause being assigned for such loss of vision, he was bound to attribute it to the injury received by the claimant.

We think this evidence sufficient to sustain the order of the Commission. An award under similar testimony was sustained by this court in the cases of Loffland Bros v. Velvin, 152 Okla. 83, 3 P. (2d) 855; Prairie Pipe Line Co. v. Bailey, 152 Okla. 49, 3 P. (2d) 672.

This being the only assignment argued by petitioners, all others are waived, and the petition to vacate is denied.

RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent.

Note.—See under (1) annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. 812, 828, 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title "Workmen's Compensation," § 116.