### PARKS v. BROWN BROTHERS et al.

No. 23927. Nov. 14, 1933.

R. D. Howe, for petitioner.

Robt. D. Crowe and Cheek & Lee, for respondents.

McNEILL, J. This is an original action of an injured employee to review an award of the State Industrial Commission.

On February 2, 1932, this court, in the case of Brown Bros. et al. v. Parks et al., 155 Okla. 16, 7 P. (2d) 898, considered a former award of the Commission entered on January 5, 1929, wherein the Commission found that respondent, petitioner herein, had sustained an accidental personal injury on October 10, 1927, which resulted in a temporary total disability, and that he had been paid compensation in full. The Commission also found that no permanent disability resulted from said injury, and that respondent's disability at the time of the rendition of said award was the result of epilepsy and not resulting from nor aggravated by the original injury.

Thereafter, on May 7, 1931, respondent filed his petition to reopen the case and review said award. The Commission, after a hearing on August 3, 1931, entered an order finding that at the time of said hearing respondent was engaged in a hazardous occupation with petitioners, subject to and covered by the provisions of the Workmen's Compensation Law, and that he sustained an accidental personal injury on October 10, 1927, as a result of which he was permanently and totally disabled.

Petitioners, being respondent and insurance carrier, in that case filed original proceedings to have said order of August 3, 1931, reviewed. This court, in its opinion, Brown Bros. v. Parks, supra, said:

"Such finding is therefore final and conclusive and is binding upon the Commission and upon this court, unless and until there is some competent evidence offered to establish a change in the condition of claimant resulting from the original injury and occurring since the last order of the Commission fixing the status of the claim. There is competent evidence that the condition of claimant has grown worse on account of epilepsy, but the findings of the Commission that the epilepsy of claimant was not caused or aggravated by the injury is conclusive.. This is the well-established rule of this court. Marland Production Co. v. Hogan, 146 Okla. 220, 294 P. 115; Roxana Petroleum Corporation v. Hornberger, 150 Okla. 257, 1 P. (2d) 393; Southern Fuel Co. v. State Industrial Commission, 141 Okla. 127, 284 P. 35; Loffland Brothers Co. v. Velvin, 152 Okla. 83, 3 P. (2d) 855, 856. * * *

"We adhere to that rule of law announced in these cases. There being no competent evidence to show a change in the condition of claimant since the findings and order of the Commission of January 5, 1929, was entered, the State Industrial Commission was without power and authority to make the award of August 3, 1931, and award compensation for total disability.

"The award is therefore vacated and set aside."

On February 9, 1932, mandate from this court was issued and filed in the office of the Industrial Commission. The Commission, upon receipt of said mandate made its order, filed February 18, 1932, vacating the award of August 3, 1931, and ordering the case closed.

Thereafter, on June 24, 1932, pursuant to notice and hearing had before the Commission upon motion of respondent to reopen said cause and award further compensation, petitioners objected to said hearing, and filed a demurrer to the motion of said respondent. The demurrer was overruled. The Commission, after a hearing, entered its order on July 18, 1932, wherein it found as follows:

"Having reviewed the testimony taken at said hearing, examined all records on file in said cause, including depositions taken herein and filed with the Commission on June 24, 1932, and being well advised in the premises, the Commission is of the opinion that claimant failed to show by competent testimony any change in condition that would entitle him to further compensation herein.

"It is therefore ordered: That the motion of claimant to reopen cause and award further compensation be and the same is hereby denied, the demurrer of respondent and insurance carrier sustained, and this case closed, claimant having failed to show by competent testimony a change in condition entitling him to further compensation herein."

It is not disputed that respondent sustained an injury to his head from a fall while working in the gin of petitioners on October 10, 1927, and sustained a temporary total disability. This court in its former opinion,

Brown v. Parks supra, held that the findings of the Industrial Commission that no permanent disability resulted from the original injury, and that respondent's disability at the time of the rendition of said award on January 5, 1929, was the result of epilepsy, and not resulting from or aggravated by the original injury, was final, conclusive, and binding upon the Commission and this court, "unless or until there is some competent evidence offered to establish a change in condition of claimant resulting from the original injury and occurring since the last order of the Commission fixing status of claimant." This holding of the court did not foreclose the respondent from again presenting his application to the Commission to show a change in condition of respondent since the order of the Commission of January 5, 1929.

The Commission, at the time of the hearing in July, 1932, had the benefit of the former testimony offered and condition of respondent upon which to base its finding denying further compensation. The evidence on this question was conflicting. There was competent evidence upon which to base an award for additional compensation for permanent disability attributable to the original injury. The Commission found otherwise. This finding is binding upon this court. The order of July 8, 1932, is affirmed.

RILEY, C. J., and SWINDALL, OSBORN, BAYLESS, and WELCH, JJ., concur. CULLISON, V. C. J., and ANDREWS and BUSBY, JJ., absent.