## BROWN BROS. et al. v. PARKS et al.

No. 26562. March 17, 1936.

Rehearing Denied April 21, 1936.

**616**

Jas. C. Cheek and Ray Teague, for petitioners.

R. D. Howe and the Attorney General, for respondents.

PER CURIAM. This is an original proceeding in this court brought by Brown Brothers and Employer's Casualty Company, as petitioners, to obtain the review and vacation of an award made by the State Industrial Commission on July 22, 1935, in favor of the respondent Charley Parks. The parties will hereinafter be referred to as petitioners and respondent.

This is the third time this case has been before this court. In Brown Bros. v. Parks, 155 Okla. 16, 7 P. (2d) 898, we held:

"When the State Industrial Commission upon notice and competent evidence makes a finding 'that no permanent disability resulted from said injury, and that the claimant's present disability is the result of epilepsy not resulting from nor aggravated by the aforesaid injury,' and no proceedings are commenced in this court to review such finding within the time provided by law, and thereafter a motion is filed to review on the ground of a change in conditions, and the evidence wholly fails to show such change and affirmatively shows no such change after such determination by the commission, the State Industrial Commission is without power and authority to allow or award additional compensation on the grounds of change in conditions, or disturb the findings and award formerly entered."

In obedience to the mandate of this court issued pursuant to the foregoing opinion, the State Industrial Commission vacated the award involved and ordered the case closed. Respondent thereupon renewed his application to reopen the case. This was denied by the commission in an order of July 8, 1932,

and respondent then requested us to review said order, which we did in the case of Parks v. Brown Bros., 166 Okla. 204, 26 P. (2d) 925, wherein we held:

"Where there is any competent evidence reasonably tending to support a finding of the State Industrial Commission that an injured employee failed to show by competent evidence a change of condition entitling him to further compensation under the Workmen's Compensation Law, * * * held, such finding is binding upon this court upon review. Order denying an award for further compensation is approved."

In obedience to the mandate of this court issued pursuant to the preceding opinion, the State Industrial Commission, on December 22, 1933, entered an order spreading said mandate of record and affirming the order of the commission made July 8, 1932. Respondent thereupon filed with the commission another petition to reopen the case and review the award. The petitioners demurred thereto, which was overruled. On March 2, 1934, the commission set the matter down again and held further hearing thereon, and on September 25, 1934, entered another order finding that the evidence was insufficient to show a change of condition and denied respondent any further compensation. Thereupon, on October 6, 1934, respondent filed a motion to set aside said order, and on October 19, 1934, filed another petition to reopen the case and to review the award. On October 20, 1934, the commission entered another order denying respondent's motion. The cause thereupon remained quiescent until June 12, 1935, when the commission apparently sua sponte again ordered a further hearing. At this hearing respondent and his physician again testified, which testimony was in substance that the respondent was totally and permanently disabled; that he was experiencing more pain and suffering than he had prior to the last previous hearing before the commission; but which testimony revea's that he was otherwise in substantially the same physical condition, as far as ability to work or labor was concerned, as he had been since the original injury and as detailed in the previous hearings. Respondent's physician, however, testified that in his opinion the condition of the respondent was attributable to the original injury which respondent had sustained, but qualified this testimony by saying that either the epilepsy from which respondent was suffering or the injury would in his opinion be sufficient to account for respondent's condition. The commission thereupon made the following order:

"1. That on the 10th day of October, 1927,

the claimant herein was in the employ of this respondent and engaged in the performance of manual labor as defined by the Workmen's Compensation Law; that arising out of and in the course of such employment the claimant sustained an accidental personal injury when he fell seven or eight feet striking on back and head.

"2. That the average daily wage of the claimant at the time of said accidental injury was $3 per day.

"3. That by reason of said accidental injury, the claimant was temporarily totally disabled from the performance of ordinary manual labor for a period of 22 weeks, for which he has been paid compensation at the rate of $11.54, or a total sum of $253.88.

"4. That claimant has had a change in condition resulting from the original accidental injury and subsequent to the 25th day of September, 1934, and is, at this time, permanently and totally disabled and attributable to the personal accidental injury received by claimant on the 10th day of October, 1927"

—and awarded respondent compensation for 500 weeks at the rate of $11.54 per week, less the amount of temporary total disability previously paid. A careful reading of the record convinces us that there was no competent evidence before the commission showing a change of condition on the part of the respondent within the meaning of that term as defined by numerous decisions of our court and as pointed out by us in the original review of this case (Brown Bros. v. Parks, supra), wherein we said:

"At the hearing on January 5, 1929, the principal issue was whether or not the epilepsy from which the claimant was suffering was caused or aggravated by the accidental injury of October 10, 1927, or whether it existed for many years prior to the accidental injury and was not aggravated by the injury. Upon this issue each party offered evidence and had full and complete hearing and upon the conclusion of that hearing the State Industrial Commission found that no permanent disability resulted from said injury, and that claimant's present disability is the result of epilepsy, not resulting from or aggravated by the aforesaid injury. That finding was not reviewed and no proceedings to review the same were commenced in this court within the time provided by law to review the same. Such finding is therefore final and conclusive and is binding upon the commission, and upon this court, unless and until there is some competent evidence offered to establish a change in the condition of claimant resulting from the original injury and occurring since the last order of the commission fixing the status of the claim. There is competent evidence that the condition of claimant has grown worse on account

of epilepsy, but the findings of the commission that the epilepsy of claimant was not caused or aggravated by the injury is conclusive. This is the well established rule of this court. Marland Production Co. v. Hogan, 146 Okla. 220, 294 P. 115; Roxana Petroleum Corporation v. Hornberger, 150 Okla. 257, 1 P. (2d) 393; Southern Fuel Co. v. State Industrial Commission, 141 Okla. 127, 285 P. 35; Loffland Bros. Co. v. Velvin, 152 Okla. 83, 3 P. (2d) 855."

As said by Mr. Justice Osborn, speaking for this court in the case of Skelly Oil Co. v. Goodwin, 168 Okla. 141, 32 P. (2d) 67:

"Section 13363, O. S. 1931, provides that the award or decision of the commission shall be final and conclusive upon all questions within its jurisdiction between the parties unless within 30 days an action is commenced in the Supreme Court to review such award or decision. It has been repeatedly held that, considering the above section, together with sections 13362 and 13391, O. S. 1931, the commission has a continuing power and jurisdiction to review its award on the ground of a change in condition only, and the award is final and conclusive on all questions within its jurisdiction unless proceedings are commenced in this court within 30 days to review the award or decision. American Oil & Ref. Co. v. Kincannon, 154 Okla. 129, 3 P. (2d) 877; Marland Prod. Co. v. Hogan, 146 Okla. 220, 294 P. 115; Roxana Pet. Corp. v. Hornberger, 150 Okla. 257, 1 P. (2d) 393; Bedford-Carthage Stone Co. v. State Industrial Commission, 119 Okla. 231, 249 P. 706."

The change in condition of an employee, which gives the Industrial Commission jurisdiction to reopen a case, and the previous order or award, must be based on a physical change in the ability of the employee to perform the duties of his employment, and not upon greater or less physical pain and suffering, and such change must occur subsequent to the last prior order of the commission. Deep Rock Oil Corp. v. Evans, 167 Okla. 66, 28 P. (2d) 7; Shell Petroleum Corp. v. Patton, 167 Okla. 246, 29 P. (2d) 86; Boardman & Co. v. Clark, 166 Okla. 194, 26 P. (2d) 906.

It will be observed that in the order and award now under review the commission in its fourth finding states:

"That claimant has had a change in condition resulting from the original injury and subsequent to the 25th day of September, 1934."

But whether this was a change in the ability of the respondent to perform work and labor or a change in a degree of pain and suffering which respondent was undergoing, is not disclosed. If it was the purpose of the commission by this finding to hold that

**618**

the respondent sustained a permanent total disability as a result of the accident October 10, 1927, and to thus ignore the previous finding that the respondent's condition was due to epilepsy, and that this condition had changed since the prior order of the commission of September 25, 1934, there was no competent evidence before the commission to justify such finding. There was ample evidence to show that the respondent was suffering more pain than at the previous hearing before the commission, but none whatsoever to show that there had been any change in his physical ability to perform work or labor, but, on the contrary, the record clearly shows that he was totally and permanently disabled at the time of the order of the commission dated September 25, 1934, and that he was likewise totally and permanently disabled on July 22, 1935, when the present order and award was made. Where one is totally and permanently disabled this constitutes the ultimate in disabilities, and there can be no increase of disability in such case. Under these circumstances we are of the opinion that the rule announced by Mr. Justice Phelps, speaking for this court in the case of Amerada Petroleum Corp. v. Elliff, 171 Okla. 34. 41 P. (2d) 850, is applicable, wherein it was held:

"In the absence of competent evidence establishing that employee's permanent partial disability was attributable to original injury, award therefor must be vacated.

"Decision of first appeal is 'law of case' in all subsequent stages, and will not be reviewed on second appeal, where facts are practically the same."

Since the record herein fails to disclose any further or additional facts to those disclosed in the former proceedings before the commission and on review in this court, but on the contrary clearly discloses a lack of jurisdiction of the commission to make any other or additional award to the respondent, it is therefore the duty of this court to put a period to any further litigation in this matter by vacating said award of July 22, 1935, and directing the commission to dismiss the claim.

Therefore, the award of the commission will be vacated, with directions to dismiss.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY, CORN, and GIBSON, JJ., concur. RILEY, BAYLESS, WELCH, and PHELPS, JJ., absent.