No. 85-170

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

RICHARD BURGESS,

        Plaintiff and Appellant,

  -vs-

MICHAEL J. SILVERGLAT, M.D.,

        Defendant and Respondent.

---

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Richard Burgess, pro se, Deer Lodge, Montana

    For Respondent:

        Garlington, Lohn & Robinson, Missoula, Montana

---

Submitted on Briefs: May 30, 1985

Decided: July 30, 1985

Filed: JUL 30 1985

*Ethel M. Harrison*

---
Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

Richard Burgess filed this action on December 18, 1984, seeking damages for libel, slander and mental anguish. Dr. Silverglat filed a motion to dismiss on January 18, 1985. The District Court of the Fourth Judicial District, by order dated February 5, 1985, dismissed the case and entered judgment in favor of Dr. Silverglat. Mr. Burgess appeals. We affirm.

During March 1984, Richard Burgess was in the custody of Mineral County on a criminal charge. Dr. Silverglat was appointed by the court upon motion of Mr. Burgess' counsel to conduct an examination of Mr. Burgess pursuant to § 46-14-202, MCA. The purpose of the psychiatric examination was to determine if Mr. Burgess' assaultive behavior was a result of his intoxication and whether the intoxication was voluntarily produced.

Dr. Silverglat conducted the examination of Mr. Burgess on March 7, 1984, and a psychiatric evaluation report was submitted to the court in April 1984. According to Mr. Burgess, the report was sealed by order of court in July 1984, but was used by the Montana State Prison and the Board of Pardons during a parole hearing on November 30, 1984, and a pre-release screening on September 26, 1984.

Mr. Burgess alleges the report is false, fraudulent and defamatory, and raises the following issue on appeal.

Whether under the circumstances of this case, the immunity provided to members, officers, or agents of the judiciary under § 2-9-112, MCA, extends to respondent, Dr. Silverglat.

Section 2-9-112, MCA, states as follows:

"2-9-112. Immunity from suit for judicial acts and omissions. (1) The state

2

and other governmental units are immune from suit for acts or omissions of the judiciary.

"(2) A member, officer, or agent of the judiciary is immune from suit for damages arising from his lawful discharge of an official duty associated with judicial actions of the court.

"(3) The judiciary includes those courts established in accordance with Article VII of The Constitution of the State of Montana."

The District Court found that in submitting the psychiatric report upon which this claim is based, Dr. Silverglat acted as an agent of the State of Montana and more particularly an agent of the judiciary of the State of Montana. The report was prepared as a part of the lawful discharge of his official duties and pursuant to § 2-9-112, MCA, the District Court found Dr. Silverglat was immune from suit.

The appellant contends that the report was not a lawful discharge of an official duty because it was false and fraudulent. He maintains that respondent knew the information in the report was false and only made the statements to mislead the court. Appellant also contends that respondent violated § 45-7-207, MCA, regarding tampering with or fabricating physical evidence.

We do not reach the issue of whether or not Dr. Silverglat is provided immunity as an agent of the judiciary under § 2-9-112, MCA, because the psychiatric report was a privileged communication under § 27-1-804, MCA. Section 27-1-804, states that "[a] privileged publication is one made: . . . (2) in any legislative or judicial proceeding or in any other official proceeding authorized by law . . ." (emphasis added) One requisite of a defamation action is that the communication must not be privileged. Any matter stated or published in a legislative or judicial proceeding

3

is privileged and cannot be the subject of a defamation action. Skinner v. Pistoria (Mont. 1981), 633 P.2d 672, 38 St.Rep. 1501. Clearly, Dr. Silverglat's report was made as part of a judicial proceeding and is protected from this action.

Skinner goes on to state that the privilege conferred by § 27-1-804, MCA, is an absolute privilege. This means that it would not matter if the report were maliciously motivated, as appellant contends. The privilege still holds.

We affirm the result of the District Court order.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

4